ANTON SCHMITZ, Respondent, v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, October 27, 1891.

1.    Railroads: NEGLIGENCE.    A railway company, whose tracks cross a public highway, and whose cars stand disconnected upon the highway, with a space between them sufficiently large to permit persons to pass through it, is guilty of negligence, if it closes this space suddenly and without warning to the traveling public ; and, in the case of such negligence, it is liable for the injury thereby caused to a person, who, without contributory negligence on his part, climbs over the drawhead of a car instead of passing through the open space.

Schmitz v. The St. Louis, I. M. & S. Ry. Co.

2. ——— : ——— : CONTRIBUTORY NEGLIGENCE. The person thus injured, who was a boy only nine years old, testified that he climbed over the drawhead instead of passing through the open space, because he would get mashed if he passed between the cars. *Held,* that this remark did not conclusively show that he appreciated the danger of his act, because his testimony, taken as a whole, rendered the inference permissible that this remark was made in the light of subsequent events, and not because he anticipated what happened.

3. **Physical Injury to Child :** FATHER'S MEASURE OF DAMAGES FOR NURSING OF CHILD. If a child suffers physical injury through the negligence of a railway company, its father is entitled to recover, as part of his damages, reasonable compensation for the services of both his wife and himself in nursing the child.

4. **Practice, Trial:** STIPULATION : DEPOSITIONS. A stipulation filed in this cause was to the effect, that a deposition taken in another action might be read in this cause with the same force and effect as if taken upon proper notice. *Held,* that this stipulation waived no right of either party in reference to the deposition, except the right of objection for want of notice, and did not entitle either party to read the deposition against the objection of the other party, if the witness was present at the trial.

5. **Physical Injury to Child:** FATHER'S RIGHT OF RECOVERY FOR SERVICES OF CHILD : SUFFICIENCY OF EVIDENCE. The right of a father to recover for the value of the services of his child, when such child is injured through the negligence of a third person, is predicated upon the relation of master and servant ; hence, it is necessary in such case to allege and prove the existence of that relation. But that relation is established by proof that the child was only nine years old ; that he lived with his parents at the time of and since the injury ; and that he was taken to his home when he was injured, and was nursed by his parents for several months thereafter.

6. **Instructions :** ASSUMPTION OF FACTS. The assumption, in an instruction, of facts put in issue by the pleadings is *held* not to require a reversal of the judgment in this cause, since the evidence thereof was very clear and not controverted ; but the practice of assuming in instructions facts which are denied by the pleadings is not approved by this court.

7. **Practice, Trial :** REMITTITUR OF DAMAGES. Where the damages are capable of being definitely determined by an exact money standard, a *remittitur* is permissible for the purpose of obviating an excessive assessment of the same by the verdict of the jury.

8. **Injury to Minor Child**: MEASURE OF PARENT'S DAMAGES FOR LOSS OF SERVICES. In assessing the damages of a father for the loss of the services of his minor child, when the child has been injured, but not killed, through the negligence of the defendant in the action, no deduction should be made for the cost of the support of the child subsequent to the injury.

9. ————: DAMAGES OF PARENT FOR LOSS OF SERVICES: BURDEN OF PROOF. If a child, thus injured, is still capable of performing some kind of work, then the father, in suing for the loss of the services of the child, must establish by evidence the probable earning capacity of the child in its injured condition in order to make out a case.

10. **Practice, Trial:** EXCESSIVE VERDICT. If a verdict is excessive under the instructions given by the court, the objection thereto on that ground will not be overcome by the fact that the instructions were erroneous, and that the verdict is not excessive under a correct rule as to the measure of damages.

11. **Jurisdiction, Appellate:** REMITTITUR OF DAMAGES. *Quære*, whether a *remittitur* of damages by the voluntary action of the successful party is permissible, when the effect of it is to change the jurisdiction of an appeal in the cause from the supreme court to this court.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*H. S. Priest* and *H. G. Herbel*, for appellant.

(1) The court erred in admitting evidence of the nursing of plaintiff's son by plaintiff and his wife, and of the value of such services, and in permitting plaintiff's son to denude and exhibit his foot to the jury. *Dunn v. Railroad*, 21 Mo. App. 203; *Matthews v. Railroad*, 26 Mo. App. 89. (2) The court erred in excluding the deposition of Frank Furley, offered by the defendant, which had been taken at plaintiff's instance on due notice given to defendant. *Schmick v. Noel*, 64

Tex. 406. (3) The court erred in overruling defendant's demurrer to the evidence interposed at the close of plaintiff's evidence, and at the close of the whole case. *Railroad v. Plaskett*, 26 Pac. Rep. 401; *Corcoran v. Railroad*, 16 S. W. Rep. 411; *Stillson v. Railroad*, 67 Mo. 67; *Dahlstrom v. Railroad*, 96 Mo. 102; *Andrews v. Railroad*, 45 Am. & Eng. R. R. Cases, 171; *Bird v. Railroad*, 48 N. W. Rep. 691; *Lewis v. Railroad*, 38 Md. 588; *Railroad v. Pinchin*, 31 Am. & Eng. R. R. Cases, 592; *Rogers v. Lees*, 21 Atl. Rep. 399; *Sherman v. Railroad*, 72 Mo. 66; *Waldheier v. Railroad*, 71 Mo.; *Gurley v. Railroad*, 93 Mo. 450; *Kendrick v. Railroad*, 81 Mo. 523; *Dlauhi v. Railroad*, 16 S. W. Rep. 281. (4) The court erred in refusing legal instructions asked by defendant. *Rafferty v. Railroad*, 91 Mo. 36. (5) The court erred in giving the instructions of its own motion. *Dunn v. Railroad*, *supra*; *Matthews v. Railroad*, *supra*; *Dulaney v. Sugar Co.*, 42 Mo. App. 622; *Mateer v. Railroad*, 16 S. W. Rep. 839; *Gessley v. Railroad*, 26 Mo. App. 160; *Gurley v. Railroad*, *supra*; *Zimmerman v. Railroad*, 71 Mo. 491; *Turner v. Railroad*, 76 Mo. 262; *Spooner v. Railroad*, 23 Mo. App. 410; *Stoher v. Railroad*, 92 Mo. 518; *Railroad v. State*, 41 Md. 272; *Hudson v. Railroad*, 101 Mo. 18. The court erred in permitting plaintiff to enter a *remittitur*. *Matthews v. Railroad*, *supra*; *Gurley v. Railroad*, 16 S. W. Rep. 11; *Railroad v. Montgomery*, 16 Pac. Rep. 405. The verdict was excessive, and should have been set aside.

*Seneca N. Taylor*, for respondent.

(1) The wrongful act of defendant necessitated the nursing of the boy by plaintiff and his family; therefore, he is entitled to recover the reasonable value of such nursing. *Smith v. St. Joseph*, 55 Mo. 459; *Mauerman v. Railroad*, 41 Mo. App. 349; *Murray v.*

*Railroad*, 101 Mo. 240 ; *Frick v. Railroad*, 75 Mo. 542 ; *Lang v. Railroad*, 51 Hun ( N. Y. ) 603 ; *Connel v. Putnam*, 58 N. H. 534 ; Wood on Master & Servants, 227 ; 2 Sedgwick on Damages [ 8 Ed. ] 468. ( 2 ) The court properly excluded the copy of the deposition of Frank Furley, for he.was in court at the time the same was offered, ready to be examined. R. S., sec. 4462. The stipulation states that his ·deposition filed at Warrenton may be read by either plaintiff or defendant with the same force and effect as if taken on proper notice, and the party reading such deposition shall make him his own witness.   Under this stipulation, as the witness was in court, neither could lawfully read the deposition, much less a copy of it.   ( 3 ) The court did not err in overruling defendant's demurrers to the evidence.   On the case made by the evidence, according to the great weight of authority, both in this country and Great Britain, it was properly submitted to the jury.   *Hilz v. Railroad*, 101 Mo. 53 ; *Wilkins v. Railroad*, 101 Mo. 93 ; *Gurley v. Railroad*, 16 S. W. Rep. 11 ; *Grant v. Railroad*, 2 MacArthur, 277 ; *Ranch v. Lloyd*, 31 Pa. St. 358 ; *Fitzpatrick v. Railroad*, 35 Md. 32 ; *McMahon v. Railroad*, 39 Md. 348 ; Shear. & Redf. on Neg. [ 4 Ed.] secs. 92, 479 ; *Baum v. Fryrear*, 85 Mo. 151 ; *Karle v. Railroad*, 55 Mo. 484 ; *Werner v. Railroad*, 81 Mo. 368 ; *Petty v. Railroad*, 88 Mo. 306 ; *Keim v. Railroad*, 90 Mo. 321-2 ; *Huckshold v. Railroad*, 90 Mo. 555 ; *O'Connor v. Railroad*, 94 Mo. 150 ; *Dunkman v. Railroad*, 95 Mo. 241-4 ; *Kelly v. Railroad*, 95 Mo. 284-6 ; *Sullivan v. Railroad*, 97 Mo. 118 ; *Railroad v. Stumps*, 69 Ill. 409 ; *Railroad v. Shearer*, 58 Ala. 672 ; *Robinson v. Railroad*, 48 Cal. 409 ; *Kellogg v. Railroad*, 26 Wis. 223 ; *Cornell v. Railroad*, 38 Iowa, 120 ; *Kanowinski v. Railroad*, 24 N. W. Rep. 801 ; *Humphreys v. Armstrong*, 56 Pa. St. 204 ; *Filler v. Railroad*, 49 N. Y. 47 ; *Foly v. Railroad*, 18 C. B. ( N. S. ) 225 ; *Clayards v. Dethick*, 12 Q. B. 495.   Moreover, defendant, by offering evidence after its demurrer was overruled,

thereby waived it, and it cannot now insist that the court erred, even if in fact it did, which I deny. *Bowen v. Railroad*, 95 Mo. 275; *Kelly v. Railroad*, 95 Mo. 279; *McPherson v. Railroad*, 97 Mo. 253. (4) Passing through the gap between the cars in a public street, under the circumstances shown in this case, was not negligence *per se*. *Wilkins v. Railroad*, 101 Mo. 93; *Grant v. Railroad*, 2 MacArthur, 277; *Ranch v. Lloyd*, 31 Pa. St. 358; *Fitzpatrick v. Railroad*, 35 Md. 32; *McMahon v. Railroad*, 39 Md. 438; Shear. & Redf. on Neg. [4 Ed.] secs. 92, 479. Where a boy uses the care reasonably to be expected from one of his years and capacity, he is not guilty of contributory negligence, and whether or not he did use such care, is a question for the jury. *Kempinger v. Railroad*, 3 Mo. App. 581; *Boland v. Railroad*, 36 Mo. 484; *O'Flaherty v. Railroad*, 45 Mo. 71; *Koons v. Railroad*, 65 Mo. 592; *Sherman v. Railroad*, 72 Mo. 62; *Donoho v. Iron Works*, 75 Mo. 401; *Fink v. Railroad*, 82 Mo. 277; *Saare v. Railroad*, 20 Mo. App. 336; *Drain v. Railroad*, 86 Mo. 574; *McCarthy v. Railroad*, 92 Mo. 536; *Hudson v. Railroad*, 101 Mo. 13; *Williams v. Railroad*, 96 Mo. 275, 290; *Railroad v. Gladman*, 15 Wall. 401; *Railroad v. Stout*, 17 Wall. 657; *Railroad v. Fitzsimmons*, 22 Kan. 686; *Hydraulic Co. v. Orr*, 83 Pa. St. 322. (5) The court did not give improper or illegal instructions at the instance of the plaintiff. The instructions given for plaintiff are in substance the same as those given in *Wilkins v. Railroad*, 101 Mo. 93, and approved by the court. The doctrine announced in the following cases also supports said instructions: *Frick v. Railroad*, 75 Mo. 542; s. c., 5 Mo. App. 439; *Frick v. Railroad*, 75 Mo. 595-609; *Yarnall v. Railroad*, 75 Mo. 585; *Brown v. Railroad*, 50 Mo. 461; *Hicks v. Railroad*, 64 Mo. 439; *Kempinger v. Railroad*, 3 Mo. App. 581; *Railroad v. Stout*, 17 Wall. 657; *Koons v. Railroad*, 65 Mo. 592. See also authorities under points 3 and 4. (6) The

court properly allowed plaintiff to enter a *remittitur* before judgment was entered. *Thompson v. Butler*, 95 U. S. 694; *Ins. Co. v. Martin*, 95 U. S. 697; *Railroad v. Trook*, 100 U. S. 112; *Milling Co. v. Walsh*, 24 Mo. App. 97; *Sherman v. Printing Co.*, 29 Mo. App. 31; *Ray v. Thompson*, 26 Mo. App. 431; *Keen v. Schnedler*, 92 Mo. 516; *Frick v. Railroad*, 75 Mo. 542. (7) The verdict was not excessive. It indicated cool and calm decision upon the part of the special jury that tried the cause. After the *remittitur* of $150 of the $837.50 for medical and surgical attendance and for medicines and appliances, the other amounts were less than the undisputed evidence showed plaintiff entitled to recover. *Grogan v. Foundry Co.*, 87 Mo. 326; *Parsons v. Railroad*, 94 Mo. 296; *Mauerman v. Railroad*, 41 Mo. App. 348; *Frick v. Railroad*, 75 Mo. 542; s. c., 5 Mo. App. 435.

BIGGS, J.—Lesperance street in the city of St. Louis is crossed at right angles by several of the defendant's railroad tracks. The plaintiff's minor son was injured at this crossing. He attempted to pass through a small aperture, which had been left between two of defendant's cars, by climbing over the drawhead of one of the cars. While his foot was on the drawhead, the aperture was closed by a sudden movement of the cars, and the boy's foot was caught and crushed. The plaintiff seeks in this action to recover the amount paid by him for medicine and medical attendance for his son; also compensation for nursing him, and the value of the boy's services during his minority. The defense was that the defendant was not guilty of any negligence, and that the boy was guilty of contributory negligence in attempting to pass, in the manner in which he did, between the cars. Hence, it is claimed by the defendant that the trial court committed error in refusing to sustain a demurrer to the plaintiff's evidence, and that it was additional error to refuse, as the court did, to

instruct the jury, as a matter of law, taat, under the undisputed facts, the boy was guilty of contributory negligence.

There was a trial by the jury, which resulted in a verdict for plaintiff in the sum of $837.50 for medical attendance and for medicine and appliances; $277 for the nursing of the child by the plaintiff and his wife, and $1,496 for loss of services, making a total of $2,610.50. The plaintiff voluntarily remitted $150 from the item for medical attendance, etc., and thereupon the court entered a judgment on the verdict for the remainder. The defendant appealed.

I. In order to maintain this action, it must be shown that the injury received by the boy was occasioned by a failure on the part of the defendant to properly discharge some legal duty it owed to him. On that point the question of the age of the boy can cut no figure. In a case like this it can make no difference, whether the injured party was an infant or adult. The fact that the plaintiff's son was of tender years is only material on the question of contributory negligence, and the question of contributory negligence can only become material, if it is affirmatively determined that there is some evidence tending to prove that the defendant was guilty of negligence, which occasioned the injury. There are cases decided by our own courts, and those of other states, known as "turn-table" cases, in which a different rule of conduct for the protection of children is laid down. But those decisions are based on the idea of attractive danger.

The plaintiff's evidence, upon which the alleged negligence of the defendant is sought to be established, may be briefly stated as follows: The plaintiff's son, in company with three or four companions, was going east on Lesperance street. When they reached the railroad tracks, they found the street blockaded with the defendant's cars, which were standing in the middle of the street. The boys stopped at the crossing for a time

variously stated from five to fifteen minutes, and looked and listened ; they heard no movement of trains or locomotives and did not see any of the railroad men. Thereupon two of the boys passed through the aperture, and then the plaintiff's son undertook to make the passage by climbing over the drawhead, as one of the boys had done who preceded him. While he was in the act of climbing over, the aperture was closed suddenly, and without any warning whatever. The boy's foot was caught between the drawheads, and badly crushed. There was also evidence tending to prove that the cars were jammed together by moving cars. The trainmen were making up a train at the time.

We are of the opinion that the defendant was guilty of negligence, if, without any warning, it closed up the space between the cars. It owed the traveling public the duty to give some warning of an intention to do so ; or, if the aperture was closed inadvertently by the act of the trainmen in making up the train, it must nevertheless be held to be negligence. It was the duty of the defendant's servants to know the condition of the cars at the crossing, and to provide against an accidental movement.

The traveler has equal rights with the railroad company to the use of the highway, and, when the facts are as in this case, the plaintiff's son might well assume that, if any immediate movement was made at all, the cars would be pulled further apart, so as to relieve the street of all obstruction ; or that, if the company intended a contrary movement, it would, as it ought to do, give some reasonable notice or warning of such intention. If the train had been connected, then we apprehend that the defendant would have been under no obligation to give any notice of such movement, because the trainmen under such circumstances would have had no reason to anticipate that persons on the highway were in a situation of danger as to the train.

We think that our conclusion is in accord with the recent adjudications of the supreme court. In the case of Wilkins against this defendant, 101 Mo. 93, it appears that the plaintiff's husband was killed at the same crossing. The deceased undertook to pass between two cars standing about two feet apart, and by a sudden backward movement of the train, made without any warning, he was caught and crushed between the cars. The supreme court speaking through Judge BARCLAY said : "This movement is said to have been made with the object of pushing the loose train of seven cars close together towards the north ; but, as it was evident that an opening for the purpose of clearing the street was to have been made, a forward movement of the engine and train of eleven cars was much more likely to be antici- pated by a looker-on, than the movement that was actually made. There was evidence that no bell was rung or whistle sounded before the movement of the train in question. *Deceased might rightly assume that some such signal would be given before the movement was made.*"

In the case of *Gurley v. Railroad*, 16 S. W. Rep. 11, the plaintiff was passing over a footway leading through the defendant's yards and over its tracks. It was not a public street or highway, but the railroad company had permitted persons to use it in passing to and from the depot. Across this footpath, there was a small space about one foot in width between two cars. The plaintiff undertook to pass through the opening, and by a sudden movement he was caught between the cars and injured. The supreme court held that no negligence could be imputed to the railroad company, because it was under no legal obligation to notify the plaintiff of the movement of its cars at that point. The decision was predicated on the fact, that the footpath was not a public highway, and that the plaintiff's use of it was merely that of a licensee.

The following extract from the opinion clearly indicates the mind of the court on the question now under discussion. The court said: "The relation of plaintiff and defendant must be kept in view. This was not a public crossing. If it had been so, defendant would have owed plaintiff a positive legal duty; but, being a mere private crossing, and plaintiff being a *licensee only,* defendant was bound not to recklessly injure plaintiff."

In the case of *Stillson v. Railroad,* 67 Mo. 671, the plaintiff undertook to pass through a small opening between two trains, and was injured by the trains coming together. The opening was not at a public crossing, and for this reason the court held that the managers of the train had no right to anticipate that this small aperture would invite pedestrians to cross through, and that consequently the company was guilty of no negligence in failing to give warning of the movement of the train at that particular place.

The fact that the plaintiff's son undertook to climb over the drawheads instead of passing between them, as he might easily have done, does not in our opinion change the legal aspect of the case.

II. We now come to the question of contributory negligence. The court told the jury in its instructions that it was an act of gross carelessness to climb between the cars as the plaintiff's son did. Whether the facts in the case authorized this direction, it is not necessary for us to decide. But the court instructed the jury further in this connection that, if the evidence showed that the plaintiff's son was of sufficient years and understanding to appreciate the danger of so doing, then the plaintiff could not recover. The boy was nine years old at the time he was hurt. The defendant's counsel concede that the general rule is, that the contributory negligence of a child is a question of fact for the jury and not of law for the court. But they contend that the testimony of the plaintiff's son shows

conclusively that he was impressed with the same sense of danger that an adult would have been under similar circumstances. The boy was probably familiar with trains, and had knowledge of the danger attending their operation, but it does not necessarily follow that he fully appreciated the danger. The familiarity with the operation of trains might have had a tendency to take away the fear which he would naturally have possessed, had he not been accustomed to them. This condition of mind in a boy results from a lack of discretion and an over-confidence in his own ability to take care of himself when he is brought in contact with a familiar danger. It is true that the boy said that he climbed over, because he would get mashed if he passed between the drawheads. But when all of his testimony is read, it is an inference fairly permissible, that this remark was made in the light of subsequent events, and not that he anticipated anything of the kind at the time. We conclude that, on the evidence, the plaintiff was entitled to have the case go to the jury.

III. The boy was nursed by his mother and father. On the question of damages the court instructed the jury that, if they found for the plaintiff they should assess as part of his damages, reasonable compensation for his and his wife's services in nursing the child. The objection made to the instruction is that it authorized a recovery on the part of the plaintiff both as parent and master, whereas the rights arising from these two relations are different and to some extent incongruous. The answer to this is that the supreme court in *Smith v. City of St. Joseph*, 55 Mo. 456, and *Blair v. Railroad*, 89 Mo. 334, where the plaintiffs sued to recover damages both as husband and master for injuries caused to their wives, approved similar instructions, and such decisions must control our ruling.

IV. The defendant offered to read in evidence the deposition of a witness. The court refused to allow the deposition to be read, for the reason that the witness

was present in court. There was a written agreement between counsel, which, the defendant claimed, gave it the right to have the deposition read, notwithstanding the presence of the witness. The deposition was taken in the case of the injured boy against this defendant, which case was then pending in the Warren circuit court on a change of venue. The witness lived in the city of St. Louis. The legal effect of the agreement was, that the deposition might be read in the present action with the same force and effect, as if it had been taken upon proper notice. By this agreement no legal right in reference to the deposition was waived by either party, except the right of objection for want of notice. It has always been the law of this state that the deposition of one, not a party to the record, is inadmissible when the witness is present in court.

V. It is insisted that the recovery for the loss of services cannot be maintained, for the reason that there was no proof that the plaintiff was entitled to the services of his minor child. It is well settled that such a right of recovery is not predicated on the relation of parent and child, but on that of master and servant. Hence, it is necessary for a plaintiff in such a case to allege and prove the relation of master and servant. In the present case the uncontradicted evidence showed that the boy was only nine years old ; that he lived with his parents at the time of and since the accident ; and that he was taken to his home at the time he was hurt, and was there nursed for several months by his parents. We think that these facts were sufficient to show that the boy had not been emancipated, and that his father was entitled to his services. Wood on Master & Servant, sec. 228 ; 2 Greenleaf on Ev., sec. 576.

But it is urged that the court committed error in its instructions by assuming this fact. The general rule is that the trial court must not assume, in its instructions to the jury, the existence of any controverted fact. *Bank v. Crandall*, 87 Mo. 208 ; *Maxwell*

*v. Railroad*, 85 Mo. 95; *State v. Hecox*, 83 Mo. 531; *Comer v. Taylor*, 82 Mo. 347. The supreme court has, in a few instances, departed from this rule, or rather declined to reverse judgments on account of its violation. In the case of *Caldwell v. Stephens*, 57 Mo. 589, the trial court assumed in its instruction that Mrs. Brown was the daughter of one Sheckells. The evidence of this fact was very clear, and there was no proof to the contrary. "Under these circumstances," said the court, "we might not reverse the judgment for that error alone." To the same effect is *Fields v. Railroad*, 80 Mo. 203, and *Carroll v. Railroad*, 88 Mo. 239. Under the authority of these cases we do not think that this court would be justified in reversing the judgment in the present case on account of the error complained of. The evidence was uncontradicted that the boy was the plaintiff's minor son; that he lived with his parents both before and after he was hurt, and that he was nursed by them for several months. We find no countervailing proof or any intimation in the record, save a formal denial in the answer, that these facts were not true. We do not wish to be understood as approving such a practice, but we merely decline to disturb the judgment on account of it.

VI. The defendant also complains of the action of the court in permitting the plaintiff to remit the sum of $150 from the finding of the jury for medical attendance and medicine. And it also claims that the verdict as to other items of damage is excessive under the plaintiff's own evidence, and that the findings of the jury were the result of passion or prejudice. It is urged that under the recent case of *Gurley v. Railroad*, *supra*, the *remittitur* was not permissible. We think that the law of that case can only be applied, where the *remittitur* affects damages which are incapable of being definitely fixed by an exact money standard, as in a case of a recovery for personal injuries. Here the damage, from which the *remittitur* was had, was capable of definite

proof. The trouble is that the *remittitur* was not large enough. The recovery was for $837.50, and the evidence showed that the surgeon's bill was $600, and the amount paid by the plaintiff for medicines was only $50. Judgment was entered after the *remittitur* for $687.50, which was for $37.50 too much under any view of the evidence. It is true that the surgeon testified that the boy would require further medical treatment, but its probable value was not stated.

The recovery for the loss of services was $1,496, which amount defendant insists was excessive. The court instructed the jurors that in estimating the value of such services they should consider "*the earning capacity of the boy in his injured condition*," and also the possibility of his death during his minority, and from the amount thus ascertained the probable cost for his support should be deducted.

This instruction, under the facts of the case, was erroneous in that it directed the jury, in estimating the value of the services, to deduct from the gross amount of the probable earnings of the boy during his minority *the reasonable cost of his support*, and that the difference, less the amount which he probably could have earned in his injured condition, would represent the sum for which the plaintiff was entitled to a judgment on this item of damage. If the boy had been killed, then it would have been proper to direct that the cost of support be deducted from the gross earnings, because the plaintiff would then have been relieved of such support, and his actual damage could not have exceeded the probable gross earnings less the probable cost of support. But this cannot be the rule, where the child is only injured. In such a case, actual compensation to the parents is the probable value of the gross earnings of the child, less his earning capacity in his injured condition. In cases where the injury is of such a serious character as to render the child incapable of performing *any* labor, then the application of the rule is

very plain. When the injury is slight, or not of so serious a nature as to take away all capacity for work, the rule can be justly applied by ascertaining the amount' which the child would probably earn in its crippled condition, and deducting this amount from its probable gross earnings, had it not been injured, and the difference would represent actual compensation to the parent, which is all the law contemplates in actions of simple negligence. What we have said is supported by the case of *Mauerman v. Railroad*, 41 Mo. App. 348, but the contrary rule received the approbation of this court in *Matthews v. Railroad*, 26 Mo. App. 75. There is an irreconcilable conflict between the two cases ; but we think that our ruling in the former case is the true one, and that the *Matthews case* should be overruled on this point.

The misdirection of the jury on the question of damages, which we have discussed, is one of which the defendant cannot complain ; but in another respect the instruction was erroneous, and in that we think the defendant was prejudiced. The court told the jury that, in estimating the value of the services, they should *"consider the earning capacity of the boy in his injured condition."* That portion of the instruction correctly stated the law in the abstract, but the difficulty is that the plaintiff introduced no evidence on that point. Both the attending physician and plaintiff testified that the boy was able to perform any kind of sedentary labor which did not require too much walking or standing. But we can find no evidence of the probable value of such labor. How could the jury consider the earning capacity of the boy in his injured condition, in the absence of any testimony fixing or approximating its probable value ? It was incumbent on the plaintiff to introduce some substantial evidence on that subject in order to make out a case. *Duke v. Railroad*, 99 Mo. 347. We cannot agree with his contention, that it was permissible to allow the

jurors to determine this question on their own individual judgments. If plaintiff is right, then all his evidence, touching the probable earnings of the boy, had he not been injured, was immaterial, because this question, with equal propriety, might have been left to the jury without evidence. Where a matter of damage can be established with any degree of accuracy, the jurors ought not to be turned loose with a roving commission to decide such questions according to their own ideas of right.

The defendant insists that the verdict of the jury on the question of damages was manifestly the result of passion or prejudice, and that their misconduct in this respect was so palpably wrong that it ought to discredit the finding on the main issues in the case. We are inclined to this view. Let us look into the evidence. As we have shown, the verdict for medical allowance and medicine was for $187.50 too much. The finding as to the value of the boy's services was $1,496. The plaintiff alone testified concerning this item. The highest estimate made by him was $3,036. In this estimate no allowance is made for loss of time or the possibility of the boy's death. The maintenance of the boy is placed by the father at $1,722. On this basis, the difference between the earnings and the maintenance is $1,314, whereas the finding was for $1,496. We then have an excess of $182 without any credit for the present earning capacity of the boy ; without any consideration of the chances of death ; and without any deduction for loss of time. The jurors were excusable for failing to take into consideration the earning capacity of the boy, because there was no evidence on that subject for their guidance. But their action in fixing the damage without making any allowance for sickness, or loss of time from other causes, or for the possibility of death during the time, is inexcusable, and cannot very well be accounted for, except as the result of passion or prejudice. It can make no difference that the direction of

the court to deduct the cost of maintenance was wrong. The jurors were in duty bound to obey the instruction; but their verdict shows that they paid no attention to it.

There are other matters discussed in the briefs, to which it is not necessary to allude, as they were mere accidents of the trial, and will not likely occur again.

There is another question which we have not noticed, but which may be of importance on a retrial. The effect of the *remittitur* was to bring this case within the appellate jurisdiction of this court. We doubt whether this can be legally done by the voluntary action of the plaintiff.

The judgment of the circuit court will be reversed, and the cause remanded. Judge ROMBAUER concurs; Judge THOMPSON is absent.