JOHN W. ANDREWS, Respondent, v. THOMAS E. WARDELL, Appellant.

Kansas City Court of Appeals, November 6, 1893.

1. **Damages**: LOSS ON SERVICE OF CHILD: NURSING: ASSUMING FACT: INSTRUCTIONS. The instructions in this action by the father to recover for loss of services, etc., of his minor son, resulting from personal injury occasioned by defendant's negligence, are reviewed and *held*, not subject to the objections:

  (1) That they advised the jury to take into their account every day till the minor arrived at his majority, with no allowance for sickness, death or other casualty.

  (2) That they allowed plaintiff to recover as nurse the same amount he was making in the mines.

  (3) That their assuming as a fact a period of total disability renders them fatally erroneous.

*Appeal from the Macon Circuit Court.*—HON. ANDREW
ELLISON, Judge.

AFFIRMED.

*Dysart & Mitchell*, for appellant.

(1) Under the most favorable decisions for the
plaintiff by the courts of this state, his instruction
No. 4 on the measure of damage, was erroneous and
prejudicial to the defendant. These are the recent
cases of *Buck v. Railroad*, 46 Mo. App. 555; and
*Schmitz v. Railroad*, 46 Mo. App. 380. The latter case
overrules the decision in *Mathews v. Railroad*, 26 Mo.
App. 75, as to deducting board from the amount of
services. The plaintiff's fourth instruction conclusively
presumes that his son would live till he arrived at
twenty-one years of age, and would continue in the
service of plaintiff, free from sickness and other
casualties. (2) Plaintiff's fourth instruction allowed
plaintiff to recover as a nurse the same he was making
in the mines, and also for the nursing of his wife at
the same time, without any proviso in their finding that
two nurses were necessary, and without any evidence
as to the value of the wife's services. There was no
attempt to prove the value of the wife's services, and
it was error to include them in the instruction. *State
v. Howell*, 97 Mo. 105; *Stone v. Hunt*, 94 Mo. 475;
*Nichols v. Jones*, 32 Mo. App. 657; *Martinowsky v. City
of Hannibal*, 35 Mo. App. 70; *Schmitz v. Railroad*, 46
Mo. App. 395. (3) Plaintiff's fourth instruction
assumes that his son was not able to go back to work
until June, 1891, and that he was totally disabled from
the fourteenth of August, 1890, until the eighteenth day
of June, 1891, which was a fact in issue.

It is only where a fact is admitted, or the case has
been tried upon the theory of its assumption, or the

evidence is conclusive and uncontradicted, that the truth of it may be assumed by an instruction.

Even then the practice has been condemned and criticised. *Schmitz v. Railroad*, 46 Mo. App. *supra*, pp. 392 and 393, and cases cited.

*Ben Eli Guthrie*, for respondent.

(1) Plaintiff's instruction, numbered 4, is not subject to criticism offered by appellant. It does not presume that the boy would live till he was twenty-one years old. "The diminished value, if any, of his time and labor" was the question submitted to the jury by the instruction. There was nothing to prevent their considering the probability of loss of time and death, in fact the instruction invited such considerations, as it required them to consider the value of such time and labor, if the boy had not been hurt, so as to arrive at the diminished value, if any, and such value would depend, as the jury is presumed to know, on the loss of time and the probability of death. Juries are presumed to have common sense and to act on the common experience of men. What is more, in this case, the jury seem most clearly to have acted on common experience and made a large deduction for lost time and the probability of death. The case of *Buck v. Railroad*, 46 Mo. App. 568, does not support appellant's contentions; but on the contrary is against it. *Frick v. Railroad*, 75 Mo. 542, 546. (2) If the fourth instruction is subject to the criticism that it allowed the plaintiff to recover as a nurse the same he was making in the mine, it would seem that the jury did not so understand it, or the verdict would have been larger. From the size of the verdict it is very doubtful if the jury allowed anything for nursing. There is no necessary contradiction between the plain-

tiff's instructions and the defendant's. The latter was simply a limitation on the former, and the jury seems to have followed it, regard being had to the small verdict. (3) · Plaintiff testifies that he took the boy back to the pit to work before he was able to work with his arm in a sling, and this he repeats two or three times. This was the eighteenth of June, 1891. Defendant did not even cross-examine him in the matter. On June 15, 1891, Dr. Rowland testifies he was not able to go to work, and he was not cross-examined on that point. There was no attempt to contradict the fact that he went to work before he was able. There is no intimation in the whole record that he was able to work before June 18. Therefore the instruction is not subject to the criticism of appellant that it assumes a fact in issue.

GILL, J.—Defendant Wardell owned and worked a coal mine in Macon county, and among the hands there employed was Michael Andrews, a fifteen-year-old boy, the son of plaintiff. On the fourteenth day of August, 1890, the plaintiff's said minor son was badly injured by the falling of a large stone from the roof of the mine. His right arm between the shoulder and elbow experienced what the doctors called a "compound complicated fracture," being crushed and broken into some eight pieces. The boy was laid up on account of the injury some ten months, and the evidence tended to prove that his capacity for future labor was much impaired.

This action was brought by John Andrews, the boy's father, for loss of services, etc., based on the negligence of defendant in failing to provide a reasonably safe place for the minor to work in the said mine.

On a trial before a jury, plaintiff had a verdict for $700, but pending the motion for a new trial he remitted

$200, and judgment was entered for $500, and from this defendant appealed.

The principal matters of which defendant complains in this appeal relate to the court's instruction as to the measure of damages.   Plaintiff's fourth instruction, and which the court gave,. told the jury that if they found for the plaintiff, then in asssessing his damages they should take into consideration the money laid out and expended in doctor's bills, drugs and medicines, also labor and loss of time of plaintiff and his wife in nursing the said Michael, and they should also consider the value of the time and labor of the said Michael from the date of said injury, August 14, 1890, to June 18, 1891, when he went back into the pit, and the diminished value, if any, of the time and labor of said Michael after said June 18, by reason of said injury until the said Michael shall attain the age of twenty-one years.   Coupled with the foregoing, the court, at defendant's request, gave the following instruction:   "No. 6. If the jury allow plaintiff for nursing his son while injured, the allowance should not exceed what a competent nurse would have cost, or a sufficient number of nurses would have cost for the time the same were necessary."

Defendant's learned counsel assails plaintiff's instruction above quoted on three separate grounds, neither of which we think are well taken.   In the first place, it was said in oral argument, and as well asserted in brief, that by this instruction the jury were advised to take into their account every day till the minor arrived at his majority, with no allowance for sickness, death or other casualty such as might overtake the plaintiff's son and thereby deprive the father of his services.   We do not think the instruction is subject to this criticism.   The jury was in substance directed to consider the diminution of the value of the boy's services from the time

he resumed work for his father until he arrived at the age of twenty-one years. This called first for the ascertainment of the probable net value of the services, sickness, loss of time, etc., considered, had the boy not been injured, and then what proportion of this had been lost by the minor's being maimed and disabled. The evidence tended to show that his laboring capacity had been impaired at least one-half. In arriving now at the net value of the son's services in future years and until his majority, any reasonable man would naturally consider the probable intervention of sickness and other disabilities, or even death, as lessening the gross value of such future services. And, in the absence of convincing proof to the contrary we should assume the jury so treated the matter in fixing these damages. If it affirmatively appeared here, as in the *Schmitz case* (46 Mo. App. 396), that the jury in fixing the damages had made no allowance for sickness of the minor or probable loss of time from other causes, or for the possibility of death during the boy's minority, then defendant would have cause to complain. But no such complaint is proper here when this record is considered. The amount of this verdict, in the light of the testimony, argues strongly that the jury were quite conservative and that they did not allow plaintiff any exaggerated amount for loss of future services.

Plaintiff's fourth instruction is next objected to, because it is said, "it allowed plaintiff to recover as a nurse the same he was making in the mines," etc. While now this instruction, when read alone, may be a little dubious on this point, yet when it is considered along with defendant's number 6, there is no ground to believe the jury was misled. We have quoted above defendant's No. 6 along with plaintiff's No. 4, and a mere reading the two together is complete answer to defendant's objection. The jury are there told, in terms not

to be mistaken, that in allowing plaintiff for nursing his son the amount "should not exceed what a competent nurse would have cost or a sufficient number of nurses would have cost, for the time the same were necessary."

The further objection that instruction number 4 assumes that plaintiff's son was not able to go back to work until June 18, 1891, is also more technical than substantial. While it would perhaps have been better practice to have left it to the jury to find just when the boy was able to resume work, and thereby fix the time of total disability, yet, since the evidence in this regard is all one way and without conflict, and as there is convincing proof that the lad resumed work even before he had fully recovered, we feel warranted in holding that if there was error it was entirely harmless.

As to the amount of the verdict, there is no just cause to complain. Speaking for myself, I would say that this testimony would warrant even a larger verdict than the one returned by the jury.

We discover no reason for disturbing this judgment and it is, therefore, affirmed. All concur.