ANTON SCHMITZ, Respondent, v. THE ST. LOUIS, IRON
MOUNTAIN AND SOUTHERN RAILWAY COMPANY,
Appellant.

St. Louis Court of Appeals, December 19, 1893.

Damages: EVIDENCE OF LOSS OF EARNING CAPACITY. In an action by a
father for damages for injuries to his minor child, whereby the child
(a boy) was crippled, there was evidence tending to show that boys
thus crippled could not find employment in a number of avocations,
and that their earning capacity was therefore lost entirely, or nearly
so. The defendant adduced no evidence of an earning capacity on
the part of such a cripple in any avocation. *Held*, that there was
sufficient proof of the plaintiff's damages in this regard.

*Appeal from the St. Louis City Circuit Court.*—HON.
J. A. HARRISON, Special Judge.

AFFIRMED.

*H. S. Priest* and *H. G. Herbel* for appellant.

*Seneca N. Taylor* for respondent.

ROMBAUER, P. J.—The plaintiff recovered a ver-
dict for $1,809 against the defendant for loss of services
and outlays, occasioned to him on account of bodily
injuries received by his minor son and servant through
defendant's negligence. The son had his leg crushed
while attempting, on the line of a public highway, to
cross an opening left in one of defendant's trains,
which stood athwart the highway. The case is the
same which was before this court on a former appeal by
plaintiff, reported in 46 Mo. App. 380. The recovery
on the first trial was $2,610, of which the plaintiff
remitted $150. We reversed the judgment on the
ground that, under the instructions of the court the

damages awarded were excessive, and indicated mistake or bias on the part of the jury. We also held that the instructions submitted to the jury an element of damage of which there was no substantial evidence, and that remittiturs in this class of cases, which change the defendant's right of appeal from the supreme court to this court, were not permissible.

The main error assigned now is the same as then, namely, that the evidence in the case shows no right of recovery, and that the court erred in submitting the cause to itself sitting as a jury. An examination of the record discloses the fact that the evidence at the last trial was substantially the same as on the preceding trial. We held on the former appeal that, under the last controlling decisions of the supreme court, the plaintiff was entitled to go to the jury. Such holding necessarily precludes a re-examination of the question, unless the supreme court since such holding has established a different rule. This is not the case. On the contrary, the supreme court has, since the cause was submitted on the present appeal, decided in an action instituted by the minor himself, upon a cause of action arising out of the same accident and supported by the same evidence, that the plaintiff had a right to go to the jury. *William Schmitz v. St. Louis, Iron Mountain and Southern Railroad Co.*, 24 S. W. Rep. 472.

Touching the complaints now made of the court's action on the instructions which bear on the cause of action and right of recovery, it will suffice to say that the instructions given and refused in this case were substantially the same as those given and refused in the case of William Schmitz, last referred to, with this exception, that certain instructions were given for the defendant in the case of William Schmitz, which, in the present case, were refused as asked, and given in a modified form. That the instructions as asked were

erroneous, has been decided by the supreme court in the case last referred to; hence the defendant has no ground for complaint on that score. Under the view taken by the supreme court the modifications were strictly proper.

We must also hold that the defendant's last complaint is without foundation. That complaint is to the effect, that no evidence was adduced of the minor's earning capacity in his crippled condition; hence, the evidence lacked a substantial basis for the admeasurement of the plaintiff's damages. The plaintiff gave evidence tending to show that boys crippled as this boy was could find no employment in a number of avocations; hence their earning capacity was entirely gone, or nearly so. The defendant adduced no evidence tending to show an earning capacity of a cripple in any avocation. That the question of earning capacity is one that must, more or less, depend upon opinion, and is not subject to mathematical demonstration, is obvious. We think the plaintiff acquitted himself of the *onus* imposed upon him by the opinion of this court upon the former appeal. He made a *prima facie* case showing a total want of earning capacity in a number of the usual avocations open to boys. If there were others in which a crippled boy could earn fair wages, it was for the defendant to show that fact. It is a matter of universal experience of which courts may take judicial notice, that the services of a cripple in the ordinary avocations of life are less valuable than those of one whose body is sound. The case was tried by the court, and the verdict shows that allowances were made for loss of services resulting from the usual casualties affecting health and the continuance of life.

In view of the fact that the plaintiff's right of recovery stands on the boundary line, we do not deem the case one where the judgment should be affirmed

with damages. The plaintiff's motion to that effect is denied. The judgment is affirmed without damages. All concur. ·