SIDNEY L. HARRISON *et al.*, Respondents, v. JOSEPH WHITE, Appellant.

### Kansas City Court of Appeals, January 29, 1894.

1. **Instructions**: ASSUMING UNCONTRADICTED FACTS. An instruction should not ordinarily assume any part of the evidence as a fact, but where the evidence as to a fact is not contradicted and comes from the complaining party himself it is not reversible error for an instruction to assume such fact.

2. ———: EVIDENCE: MEASURE OF DAMAGES. An instruction should have proper evidence to support it, and an instruction fixing the measure of damages for the negligent stacking of hay at a given sum per ton, should have evidence establishing the price of hay at the time of its spoiling, and not at some indefinite time.

3. **Trial Practice**: NEW TRIAL: SURPRISE. A party must not expect that his views or theory of the facts of his case on the very points of dispute will be adopted or sustained by the witnesses of his opponent; and that such witnesses do not support his theory of the facts will not justify the granting of a new trial on the ground of surprise.

*Appeal from the Henry Circuit Court.*—HON. JAMES H. LAY, Judge.

AFFIRMED.

*Calvird & Lewis* for appellant.

(1) Instruction number 1, given by the court of its own motion, is clearly erroneous. It assumes that a part of the hay was put up by the direction of defendant. There was no substantial testimony that defendant directed plaintiffs how to put up the hay, at most, it was a controverted fact which should have been left to the jury. *Stoher v. Railroad*, 91 Mo. 517; *Liggett*

·*v. Morgan*, 98 Mo. 39; *Robertson v. Drane*, 100 Mo. 273. (2) The court erred in refusing defendant's instruction number 6, on the measure of damages. *Flynt v. Railroad*, 38 Mo. App. 94; *Williams v. Dent Iron Co.*, 30 Mo. App. 662; *Wilburn v. Railroad*, 36 Mo. App. 203; *Belch v. Railroad*, 18 Mo. App. 80; *Kennedy v. Holladay*, 25 Mo. App. 514. (3) The court erred in refusing defendant a new trial upon the ground of surprise, as prayed for in his motion for a new trial, and supported by affidavits. *Fretwell v. Laffoon*, 77 Mo. 26.

*Casey & Owen* for respondents.

(1) And, even if said instruction assumed such fact, it would be correct in this case; for respondents, Ed. Wells and Harrison, both testify that, after they had built the first stack, White, the appellant, objected to it—said he wanted more hay put in them and drawn in faster; that the top was too high and peaked—and that they complied with his wishes in building the remaining stacks. Appellant, White, admits this. *Schmitz v. Railroad*, 46 Mo. App. 380; *Caldwell v. Stephens*, 57 Mo. 589; *Fields v. Railroad*, 80 Mo. 203; *Carroll v. Railroad*, 88 Mo. 239. (2) The court did not err in refusing appellant's instruction number 6, on the measure of damages. Appellant's principal contention was for damaged hay resulting from unskillful stacking. The refusal of said instruction was harmless error, for which the court will not reverse this case. *Lindsay v. Railroad*, 53 Mo. App. 9; *Palsey v. Kemp*, 22 Mo. 409; *Otto v. Bent*, 48 Mo. 23; *Keene v. Schnedler*, 92 Mo. 516. The witness says positively he does not know the price of hay, but under the spur of examination, makes a guess at what it ought to be worth. (3) The court did not err in refusing a new

trial on the ground of surprise. The evidence on which the motion was bottomed was from the very same witnesses and about the very same matter they had testified. It was merely cumulative, and is no basis for awarding a new trial. *Snyder v. Burnham*, 77 Mo. 52; *Cook v. Railroad*, 56 Mo. 382; *Shotwell v. McElhiney*, 101 Mo. 677.

ELLISON, J.—Plaintiffs sued defendant before a justice of the peace on an account of $106.25, for cutting and stacking defendant's hay at $1.25 per acre. A balance of $56.25 was claimed. Defendant defended on the ground that the price agreed upon was $1.25 per ton, instead of per acre. That plaintiffs owed him $8.50 for the use of a sulky hayrake and that the hay was so negligently and carelessly put up and stacked that it moulded and spoiled, to defendant's damage in the sum of $100, which amount he asked should be allowed against any claim of plaintiffs. There was evidence tending to support the theory of each party to the cause, and we have, therefore, only to look to the instructions and the action of the court in overruling the motion for a new trial. The instructions were prepared and given by the court of its own motion and are, in our opinion, unobjectionable. The first and second ones are complained of in that they assume that directions were given by defendant to plaintiffs in regard to putting up some portions of the hay. Ordinarily it is, of course, improper for the court to assume any portion of the evidence as an established fact in the case. Where, however, as in this case, the evidence as to such fact is not contradicted, (*Schmitz v. Railroad*, 46 Mo. App. 380), and where such evidence comes from the complaining party himself as given in his own testimony, it is not

reversible error to assume it as a fact in an instruction. In this case the defendant testified that in more than one instance he gave directions to the plaintiffs while they were at the stacking.

The next complaint against the action of the trial court is that defendant's instruction number 6 was refused. This instruction was as to the measure of defendant's damages if the hay was believed to have been improperly stacked by plaintiffs. The jury was directed in such case to allow to defendant the value of all hay thus rendered unfit for use not exceeding $5 per ton. This instruction was rightly refused since it had no proper evidence upon which to base it. The question of the value of the hay was asked of but one witness and he stated that he did not know what hay was worth, but that a fair price for it would be $5 per ton "this fall." This laid no foundation for the measure of damages. The hay was stacked in the months of June and July. It does not appear when it was injured by wind and rains. Proving the value "this fall" is not sufficiently connected with the time the damage accrued to defendant; whether that time be fixed at the time the hay was stacked or at the time it was injured. So that in this view defendant was not entitled to any instruction on the measure of his damages.

The next complaint is that the court erred in not granting a new trial on account of surprise at the testimony of certain witnesses which defendant alleges. These witnesses testified as to the condition of the hay. This was one of the issues in the case. We can see no reason why defendant should be surprised, in a legal sense, at such testimony. A party must not expect that his views or theory of the facts of his case on the very points of dispute will be adopted or sustained by the witnesses of his opponent. The affidavit made by

defendant in support of the motion has wholly failed to impress us in his favor. It discloses that he had no sufficient excuse for not being prepared to do in the first instance what he now wishes to do after an adverse verdict. The judgment will be affirmed. All concur.