ECKERD v. THE CHICAGO & NORTHWESTERN R'Y Co.

1. **Instruction:** DAMAGES: NO BASIS FOR COMPUTATION. The court instructed the jury that, if they found for plaintiff, they might allow for medicines and medical treatment reasonably and necessarily employed. *Held* error, because there was no evidence upon which any estimate of such damages could be made. (Compare *Reed v. Chicago, R. I. & P. R'y Co.*, 57 Iowa, 23.)

2. **Railroads:** ALIGHTING FROM CAR: DUTY OF PASSENGER. If a passenger elects to alight from a car at a place where there is no platform, when, by passing through the car in front of him, he could alight with safety on the platform, and he is injured by so alighting, he is guilty of negligence, and cannot recover of the railway company.

*Appeal from Boone Circuit Court.*

WEDNESDAY, DECEMBER 15.

ACTION for a personal injury. The plaintiff, Mrs. E. C. Eckerd, took passage on one of the defendant's trains, and, when attempting to alight therefrom at the station at Ontario, fell, as she claims, and received an injury. The negligence

of the defendant, she alleges, consisted in not providing a safe, suitable and convenient place for passengers to alight, and in not causing the car in which she had been riding to be drawn up to the platform. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Hubbard, Clark & Dawley*, for appellant.

*E. E. Webb*, for appellee.

ADAMS, CH. J.—The lowest of the car-steps appears to have been about three feet from the ground, and was, so far as the evidence shows, of the ordinary height, and it had the usual railing at the side. The ground appears to have been in good condition. The platform of the station was long enough for the business of a small station like that at Ontario, but the car in which the plaintiff was riding, to-wit, the first behind the smoking car, did not quite reach the platform when the train was stopped. The plaintiff could have stepped directly upon the platform by walking through the car which was ahead of the one in which she had been riding. It was daylight when she alighted, and there was nothing to prevent her from judging correctly of the distance of the step from the ground. As she was going out of the car, a lady acquaintance, about to take passage, met her, and passed by, having ascended the same steps, but neither this acquaintance nor any one but the plaintiff became aware of any accident. A few weeks afterwards the plaintiff's family physician, at the request of her husband, visited her, but discovered no appearance of any injury except from what she said, and did not prescribe for her. There was evidence that the plaintiff applied liniment of some kind, but there is no evidence as to what expense she incurred, if any.

I.   The court instructed the jury that they might, if they found for the plaintiff, allow for medicines and medical treat-

1. INSTRUC-
TION: dam-
ages : no
basis for com-
putation. ment reasonably and necessarily employed. But, there being no evidence upon which any estimate could be based, we think that the court erred. *Reed v. Chicago, R. I. & P. R'y Co.*, 57 Iowa, 23.

II. The court gave an instruction in these words: " If, with the opportunities afforded by the defendant at the time,

2. RAILROADS:
alighting
from car:
duty of pas-
senger. the plaintiff, in the exercise of ordinary care, might have safely gained the platform, as by passing through the cars forward, and she elected to take the risk of alighting where she did instead of pursuing the safe course, she is guilty of negligence, and cannot recover." The evidence shows that, whatever danger there was in stepping directly upon the ground from the steps of the car in which the plaintiff had been riding, she could estimate it. There was nothing concealed or deceptive about it. She had to make her election to alight as she did, or pass forward, as passengers upon long trains are constantly called upon to elect under similar circumstances. There was nothing to hinder her from passing forward. The instruction appears to us to express the law. But, in any event, the jury was bound to obey it. Under this instruction and the evidence the verdict should have been for the defendant.

REVERSED.