TIMOTHY CROWLEY, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, January 4, 1887.

1. NEGLIGENCE—CONTRIBUTORY—WHAT CONSTITUTES.—The question whether the plaintiff's acts are such evidence of his contributory negligence as will prevent his recovery, will depend upon the circumstances of each case.

2. ——— PRACTICE—NON-SUIT.—A plaintiff can not be non-suited on the ground that his contributory negligence conclusively appears from his own testimony if his conduct, under the peculiar circumstances of the case, is compatible with the exercise of reasonable care.

B. ——— DAMAGES—ERRONEOUS INSTRUCTIONS.—The error of giving an instruction submitting elements of damages of which no definite evidence has been given, is not ground for the reversal of the judgment where the plaintiff has remitted enough of the verdict to cover all damages which could have been thus improperly found.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Affirmed.*

HENRY G. HERBEL and BENNETT PIKE, for the appellant: The defendant's demurrer to the evidence at the close of the plaintiff's case should have been sustained, as the plaintiff's own testimony discloses such contributory negligence on his part as will preclude a recovery herein. *Hixson v. Railroad*, 80 Mo. 335;

*Turner v. Railroad*, 74 Mo. 602; *Taylor v. Railroad*, 86 Mo. 457; *Henze v. Railroad*, 71 Mo. 636; *Stepp v. Railroad*, 85 Mo. 235; *Milburn v. Railroad*, 86 Mo. 110. The court erred in refusing the instructions asked by the defendant. *Railroad v. Beale*, 73 Pa. St. 504; s. c., 13 Am. Rep. 753, and authorities above cited. The court erred in giving the instructions of its own motion. *Yarnell v. Railroad*, 75 Mo. 583; *Goodwin v. Railroad*, 75 Mo. 75; *Turner v. Railroad*, 76 Mo. 262; *Dunn v. Railroad*, 21 Mo. App. 205.

FRANK M. ESTES, for the respondent: The instructions, taken together, present the case fairly and properly. *Karle v. Railroad*, 55 Mo. 476; *Johnston v. Railroad*, 77 Mo. 546. The negligence of the railway company was the proximate cause of the injury. *Kelley v. Railroad*, 18 Mo. App. 150. The defendant's demurrer to the evidence at the close of the plaintiff's case was by the court properly overruled. *Dunn v. Railroad*, 21 Mo. App. 200, and cases cited.

ROMBAUER, J., delivered the opinion of the court.

This is an action to recover damages for personal injuries. There was a verdict for the plaintiff for fifteen hundred dollars, which was reduced by *remittitur* to eight hundred dollars, for which amount judgment was entered.

The negligence of the defendant company stands admitted by all the testimony, and the only two questions presented by the record are : (1) Whether the plaintiff was admttedly guilty of such contributory negligence as to debar him from recovery as a matter of law? (2) Whether the court erred in refusing the defendant's instructions on the question of contributory negligence, and in the instructions it gave on its own motion on that subject, and on the question of damages.

What acts on the part of a plaintiff will amount to conclusive evidence of contributory negligence, must

necessarily depend on the surrounding circumstances of each individual case, and, therefore, it is impossible to frame a rule which will fit all cases, or to mould the instructions in one case on the pattern of those in another. *Brown v. Railroad*, 50 Mo. 467 ; *Lloyd v. Railroad*, 53 Mo. 512 ; *Clark v. Famous Shoe Co.*, 16 Mo. App. 465.

The facts of this case, as they appear by the plaintiff's testimony, are as follows : The plaintiff on the day of the accident drove a coal team, on a public street of the city, eastwardly, towards a ferry boat lying at the levee. He was driving at a usual hour, on a usual and frequented route, at a slow gait, at early dawn when objects were not distinctly discernible, near the intersection of two streets across the defendant's track, when his wagon was struck by the defendant's engine, resulting in the injury complained of. The defendant had two tracks at said place close together. The wagon was struck on the eastern track. The western track was filled with standing box cars closing the view of the eastern track, from the west entirely, and leaving a space of only about thirty feet between the cars, for a crossing space, through which the plaintiff was driving when his wagon was struck. The defendant had no watchman at said place, as required by an ordinance of the city, and the box cars were standing on the western track in violation of another ordinance. No whistle was sounded in approaching the crossing nor was the bell of the engine rung. The plaintiff's team was one of four teams driving in company towards the ferry. The first team had crossed safely about fifty feet ahead of the plaintiff's without stopping, and all four teams were traveling over the stone paved streets when the accident occurred. The track of the defendant was planked, and an engine moving along, at a slow rate of speed, as this was, would make no noise only where the rails joined. The plaintiff did not stop to listen, nor did it appear that listening would have been of any avail to him, under the facts appearing in evidence, considering the noise the moving

wagons necessarily made, and the noiselessness of the slowly moving engine. Nor did the plaintiff stop to look along the track, but it necessarily appeared that he could not have done so with any benefit, without dismounting from his wagon, and temporarily abandoning his horses, because the defendant's track was straight, and was blocked from view, in the direction whence the plaintiff came, by the line of standing box cars.

This statement of facts will show that the court acted properly in refusing to non-suit the plaintiff on the ground claimed by the defendant, namely, that the plaintiff's contributory negligence conclusively appeared by testimony in his own behalf. *Dunn v. Railroad*, 21 Mo. App. 200, 201, and cases cited.

The defendant gave evidence tending to show that the bell of the engine was rung when approaching the crossing, and also evidence that the defendant's servants in charge of the engine used all necessary precautions in stopping the engine, after discovering the plaintiff's team on the track. In other respects, the testimony of the defendant's witnesses corroborated that of the plaintiff's.

The defendant thereupon asked five instructions, all of which the court refused. The three first in effect, if not in so many words, told the jury that, owing to the defendant's negligence, in obstructing the western view with their box cars, it became the plaintiff's duty to use greater care than ordinary, and that he should, if necessary, have got out of his wagon to look etc., and that his failing to do so, if necessary, was negligence which would debar his recovery. The last two told the jury that it was the plaintiff's duty to stop and listen before attempting to cross, and if his failure to do so contributed to the accident, it was negligence which would debar his recovery.

All these instructions were rightly refused. We are aware of no case which goes to the extent that the plaintiff's care and caution to avoid an injury must be in-

creased in proportion to the defendant's negligence in bringing it about. So holding would set a premium on negligence, which is certainly not the policy of the law. The plaintiff had a right to suppose that the defendant would not leave a trap or a pit-fall, such as, under the circumstances of the case, this crossing necessarily was, unguarded, and that they would give to any person attempting to cross it timely warning, without compelling him to get off his wagon, and run the risk of his horses breaking away, when frightened by an approaching train.

The instructions given by the court of its own motion, when taken together, stated the law correctly. It is certainly preferable that instructions given by the court of its own motion should cover the entire case as one connected charge, but the mere fact that the different propositions contained in them were numbered, and separately stated, does not necessarily deprive the instructions thus given of the character of one entire charge, and we are not justified to assume that the jury did not so consider it. The objection made, that the court in these instructions did not specially point out acts which would amount to negligence in this particular case, was considered by us at the present term in *Scaling v. Pullman Palace Car Company* (*ante*, p. 29), and held untenable.

The defendant's complaint, that the court erred in telling the jury that, if they found for the plaintiff they might include in his damages " the necessary expenses of being treated for his injuries," is well founded. There was no evidence in the case as to the amount of such expenses, and we have repeatedly held that the jury must base its findings upon evidence, and not upon conjecture. We can not see, however, how this error was prejudicial to the defendant. Assuming that the jury did in their verdict, make an allowance for such expenses, it will not be seriously contended that such allowance could possibly have been equal to the sum of seven hundred

dollars, which the plaintiff remitted of his verdict, before judgment was entered thereon.

The judgment is affirmed.    All the judges concur.