DUKE v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

**Personal Injuries:** DAMAGES. One cannot, in an action for personal injuries, recover for expenses incurred "for professional services of physicians and nurses and for drugs," in the absence of evidence showing the amount of such expenses, or that any were ever paid, or any liability incurred therefor.

*Appeal from Lafayette Circuit Court.*—HON. J. P. STROTHER, Judge.

REVERSED AND REMANDED.

*Adams & Buckner* for appellant.

(1) The instructions of the court, given on behalf of plaintiff, submit to the jury the question of expense —of professional services, physicians, nurses, drugs

| | |
|---|---|
| 99 | 347 |
| 101 | 240 |
| 99 | 347 |
| 43a | 473 |
| 99 | 347 |
| 105 | 560 |
| 99 | 347 |
| 46a | 395 |
| 47a | 501 |
| 99 | 347 |
| 108 | 251 |
| 99 | 347 |
| 50a | 560 |
| 51a | 388 |
| 99 | 347 |
| 116 | 275 |
| 99 | 347 |
| 60a | 610 |
| 99 | 347 |
| 62a | 568 |
| 99 | 347 |
| 141 | 440 |
| 99 | 347 |
| 149 | 630 |
| 76a | 22 |
| 80a | 234 |
| 99 | 347 |
| 152 | 390 |
| 39 | 347 |
| 87a | 438 |
| 99 | 347 |
| e102a | 527 |

and medicines—when there was absolutely no evidence that plaintiff ever paid a cent, or became liable to pay a cent, for the above-named items mentioned in the instruction. Such an instruction is improper. *White v. Chaney*, 20 Mo. App. 397; *Benson v. Railroad*, 78 Mo. 504; *Lester v. Railroad*, 60 Mo. 265. (2) The instructions asked by the defendant, and refused by the court, ought to have been given, because they, taken as a whole, present to the jury a proper and practical test by which to measure the duty of defendant to its passengers. The instructions given by the court of its own motion ought not to have been given, because the test as therein given is an impractical test, and impossible to be proven. The effect of the law, as given by the court of its own motion, practically makes the defendant, in its business as a common carrier of persons, an insurer. Such is not the law. Rorer on Railroads, sec. 11, p. 955, and authorities there cited; *Meir v. Railroad*, 64 Pa. St. 225; *Taylor v. Railroad*, 48 N. H. 304; *Tuller v. Talbut*, 23 Ill. 357. (3) The test of care required of defendant, as proposed in its second instruction, which told the jury that, "at the time said train was overturned, the employes of defendant were exercising, and had exercised, the highest practical diligence which capable and faithful railroad men would exercise under similar circumstances," is a proper standard. It made the test practical, and the means of proving it a possibility. See specially the instructions approved in case of *Meir v. Railroad*, 64 Pa. St. 225. See also 3 Am. Rep. 581; *Tuller v. Talbut*, 23 Ill. 357; *Railroad v. Halloren*, 53 Tex. 46.

*A. Comingo* and *Andrews & Lee* for respondent.

(1) In suits by a passenger against a common carrier, testimony that the plaintiff was a passenger, that the car in which she was riding was overturned, and that, as one of the proximate results, she was injured,

makes a *prima facie* case for remunerative damages, both direct and consequential. (2) The court did not err in the giving or refusing of instructions.

BRACE, J.—This is an action for damages, for personal injuries, alleged to have been sustained by the plaintiff, while a passenger on one of defendant's passenger trains, caused by the derailment of the train, and the overturning of the car on which plaintiff was seated, and its precipitation down an embankment, through the negligence of the defendant's servants. The jury found for the plaintiff, and assessed her damages at five thousand dollars.

I. No errors are assigned on the admission or exclusion of evidence. The instructions, as a whole, presented to the jury, not unfavorably to the defendant, the measure of care which a carrier of passengers is required to exercise, and defendant, in the argument, concedes that there was evidence given which, under proper instructions, would authorize a verdict for the plaintiff, but complains that "the amount of the verdict under the evidence is such as to justify the belief that the jury were misdirected." So that, practically, the only questions to be enquired into in this case arise upon the instructions given upon the subject of damages and the amount assessed. The allegation of damages in the petition is "that, on account of said injuries, it was necessary for plaintiff to expend, and she did expend, a large sum of money for professional services of physicians and nurses, and for drugs, to-wit, one thousand dollars, and was damaged in bodily pain, anguish and suffering, and in the permanent injury of her hip and ankle and the loss of her suit of hair, in the sum of twenty-five thousand dollars."

So much of the instruction for the plaintiff as bears upon the question of damages, and to which objections are urged, is as follows: "And if you further believe

that, on account of such injuries, it became and was necessary for plaintiff, and that she did expend large sums of money for professional services, physicians and nurses, and also for drugs and medicines, and that, from the overturning of the train as aforesaid, she suffered mental anguish and bodily pain, and was, as to the physical parts of her body heretofore mentioned, permanently injured and disabled, and that the overturning of said car, in which the plaintiff was seated as a passenger, was the direct and proximate cause thereof, you will find for the plaintiff, and assess her damages at such sum as will, in your opinion, compensate her therefor, not to exceed twenty-five thousand dollars.''

The criticism upon the wording of this instruction, that it authorizes the jury to allow for professional services, other than those of physicians and nurses, is not well founded. The words, "physicians and nurses," are in apposition with the words, "professional services," in the sentence, and the meaning is the same as if the sentence read "professional services, i. e., physicians' and nurses' services," and is no more than equivalent to the expression, "professional services of physicians and nurses" as used in the petition.

II.   The principal objection urged against the instruction is, however, that it authorizes the plaintiff to recover for "large sums of money expended for such services, and for drugs and medicines when, in fact, the evidence fails to show that any sum whatever was expended therefor." A careful and critical examination of all the evidence in the case, as it appears in the one hundred and seventy-five pages of appellant's printed abstract, has been made, and it must be conceded that this objection is well grounded. It appears from the evidence that the plaintiff, after the accident, was attended by physicians in a hospital in Kansas City, and that drugs and medicines were administered to her, and, from her condition and

surrounding circumstances, that she must have received the benefit of such nursing as her situation required, but it nowhere appears that she ever expended a single dollar for such services or medicines; or, that she ever incurred any express liability therefor, and if, by reason of the circumstances, she did incur a liability *quantum meruit* therefor, upon an implied *assumpsit*, or if, perchance, they were bestowed gratuitously or paid for by a stranger, yet, there is no evidence whatever showing the value of the professional services rendered, or of the drugs and medicines furnished, for which the jury are instructed to compensate her in damages. There was an entire failure of proof as to the allegation in the petition that the plaintiff "expended a large sum of money for professional services of physicians and nurses, and for drugs," under the most liberal construction that can be placed upon it, and it was error in the court to instruct the jury as if there was evidence in the case in support of that averment.

"Instructions must be confined to the case made by the evidence within the issues defined by the pleadings." 2 Thompson on Trials, sec. 2309; *White v. Chaney*, 20 Mo. App. 389; *Waddingham v. Hulett*, 92 Mo. 528; *Lester v. Railroad*, 60 Mo. 265. Where there is no evidence showing the amount, or the proximate amount, of expenses incurred for medicines, medical attention or like services, the jury have no basis upon which to form an estimate of the damages that ought to be assessed on account thereof, and damages of this kind cannot be found except upon such proof. *Reed v. Railroad*, 57 Iowa, 23; *Eckherd v. Railroad*, 70 Iowa, 353; *Crowley v. Railroad*, 24 Mo. App. 119; Shear. & Redf. on Neg. [4 Ed.] sec. 759. Where compensatory damages only are given, the recovery must be confined to the actual damages sustained. *Hannibal Bridge Co. v. Schaubacher*, 57 Mo. 582. *And when* such damages are susceptible of proof with approximate accuracy, and

may be measured with some degree of certainty, they should not be left to the guess of the jury, even in actions *ex delicto*. *Parsons v. Railroad*, 94 Mo. 286; *Pritchard v. Hewitt*, 91 Mo. 547; Thompson on Trials, sec. 2077. When so left, it is impossible to tell to what extent the verdict may have been affected by the vague estimates the jury may have placed upon values concerning which there was no proof, consequently it is impossible to say the defendant was not prejudiced by this erroneous instruction on the question of damages, and for such error the case must be reversed, and remanded for new trial.    All concur.