## MURRAY v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant*.

1. **Negligence**: PRACTICE: BURDEN OF PROOF. In actions for negligence, the burden of proving negligence of defendant, as alleged in the petition, is upon the plaintiff and the burden of proving negligence as alleged in the answer is upon the defendant. The jury must be left to determine the question from all the evidence, no matter by whom offered.

2. ————: ————: DAMAGES. In an action for damages for personal injuries compensation may be allowed for expenses incurred for nursing, where there is evidence that plaintiff was in bed for five months and was nursed by ladies about the house who were constant in their attendance. The jurors may measure the value of such services by their own knowledge and experience, and detailed proof of their value is not required.

3. ————: ————. One exercising ordinary care in crossing a street, who is injured by a train of cars because of the failure of the railroad company to ring the bell, or have a man stationed on the car furthest from the engine to give danger signals, or to keep a watchman at the street crossing, as required by ordinance, is entitled to recover; and it makes no difference whether the injury was caused by two or more of such negligent acts or by one.

4. ————: ————. Plaintiff cannot recover in an action for negligence where his own negligence contributed with that of the defendant to produce the injury.

5. ————: ————. Where the witnesses are of equal credit, positive evidence that a signal was given is, as a general rule, of more weight than that of witnesses who say they did not hear it. But much depends upon the position, attention and credibility of the witnesses, and the ultimate question, whether the signal was given or not, is one of fact for the jury.

6. ————: VIOLATION OF ORDINANCE. The failure of a railroad company to keep a flagman at a street crossing to give danger signals, as required by ordinance, is negligence *per se*.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

AFFIRMED.

*Bennett Pike* and *Henry G. Herbel* for appellant.

(1) The court erred in giving the instructions asked by plaintiff. *Milburn v. Railroad*, 86 Mo. 109; *Stepp v. Railroad*, 85 Mo. 226; *Kelly v. Railroad*, 75 Mo. 141; *Smith v. Hardesty*, 31 Mo. 412; *Hurt v. Railroad*, 94 Mo. 256; *Dowling v. Allen*, 88 Mo. 299; *Railroad v. State*, 31 Md. 357; s. c., 100 Am. Dec. 71; *Henze v. Railroad*, 71 Mo. 638; *Isaacs v. Skrainka*, 95

Mo. 517; *Mathiason v. Mayer*, 90 Mo. 585. ( 2 ) The verdict is against and unsupported by the evidence, and should, therefore, have been set aside.

*A. R. Taylor* for respondent.

( 1 ) The point that the first instruction given for plaintiff, as to the burden of proof, is erroneous is clearly untenable. *Petty v. Railroad*, 88 Mo. 306; *Donovan v. Railroad*, 89 Mo. 147; *Thorpe v. Railroad*, 89 Mo. 655. ( 2 ) Whilst it may be true, that, as to the value of services involving science and skill, an opinion of an expert, as to value, is necessary proof, yet in services commonly rendered by all mankind, such as nursing the sick, one man is supposed to know as much on the subject as another. In the language of this court, the value of such services "may be measured by the experience and judgment of the jury," without proof of value. *Parsons v. Railroad*, 94 Mo. 296; *Nagel v. Railroad*, 75 Mo. 666. ( 3 ) The criticism of the third instruction given for plaintiff is wholly without merit. If plaintiff was free from fault, any negligent act of defendant directly contributing to plaintiff's injury renders defendant liable. *McDermott v. Railroad*, 87 Mo. 301. ( 4 ) Even if there was no requirement in either the third or fourth instruction, that plaintiff should have been in the exercise of ordinary care, still as the question of plaintiff's care was submitted to the jury fully in defendant's instruction number 2, and as the instructions are to read as a whole, this could be no error. *Owens v. Railroad*, 95 Mo. 181, overruling *Sullivan v. Railroad*, 88 Mo. 182, followed by *Dougherty v. Railroad*, 97 Mo. 661.

BLACK, J.—This is a personal damage suit. Plaintiff was a driver of a hose carriage connected with the fire department of the city of St. Louis. He and others

in charge of the hose were going north on Summit street. The defendant's road crosses this street, there being four or five tracks at the crossing, which run in an east and west direction. As the plaintiff attempted to go over the crossing, a train of box and flat cars backed in from the west and struck his team and carriage. He was thrown from his seat and received severe and permanent injuries, one of them being a broken leg. The cause of action is based upon a violation of certain ordinances which make it the duty of defendant to have a watchman at crossings like the one in question to display a signal flag ; to constantly sound the engine bell when the train is moving ; to have a man stationed on top of the car furthest from the engine, when the train is backing, to give danger signals ; and to have the train well manned with experienced brakemen at their posts.

Undisputed evidence shows that the gates at the crossing were up at the time of the accident, that there was no flagman present, and that a caboose car stood on one track so as to obstruct, to some extent, a view of the backing train. Other evidence for the plaintiff tends to show that he was driving his team at a walk or slow trot ; that he exercised due care ; that there was no man on the car furthest from the engine, and that the bell was not ringing. The defendant's evidence tends to show a full compliance with the ordinances in the last-mentioned respects. The accident occurred during a strike by the defendant's employes, and a number of strikers and policemen were at the crossing. There is evidence to the effect that four or five persons shouted to plaintiff to stop when he was fifty feet from the tracks, but that he went on, seeming to think the train was not close enough to catch him. Plaintiff says no one hallooed to him until just as the train struck his carriage, and in this he is corroborated by two persons who were on the hose carriage.

1.  Of the instructions given at the request of the plaintiff the first is, that the burden of proving negligence of defendant, as alleged in the petition, is upon the plaintiff, and the burden of proving negligence, as alleged in the answer, is upon the defendant. That this instruction asserts correct propositions of law in the abstract is conceded ; but the objection to it is, that it deprived defendant of the benefit of evidence offered by the plaintiff, tending to show contributory negligence on his part. There was some evidence introduced by the plaintiff having some tendency to show he might have seen the approaching cars, and that he attempted to cross the track when he should have stopped. There is nothing, however, in the instruction which deprives the defendant of the benefit of this evidence. It does not say that the defendant must show contributory negligence by the evidence of witness, introduced by itself. The jury are left to determine the question from all the evidence, no matter by whom offered.

2.  The instruction concerning damages allowed, among other things, a fair compensation "for any expenses necessarily incurred by plaintiff for medical attention and nursing." The objection is that there is no evidence of any expenses incurred for nursing. The plaintiff was in bed for five months, and, according to the evidence of the surgeon, was nursed by the ladies about the house, who were constant in their attendance, relatives, he thinks. There is no other evidence upon the subject. This case is quite unlike that of *Duke v. Railroad*, 99 Mo. 347. There the jury was told that, if plaintiff "expended large sums of money for professional services, physicians and nurses, also for drugs and medicines," then she could recover therefor. She had been treated and cared for at a hospital, and there was not a word of evidence as to any of the alleged outlays. Here there is express proof as to the amount of the surgeon's bill. The only question is as to nursing. The

time during which the plaintiff had and required nursing is sufficiently fixed, and the only want of evidence is as to the value. Jurors may well be presumed to be reasonably familiar with the value of such services, and they may measure the same by their own knowledge and experience. It has never been the practice to enter upon detailed proof upon this element of damages in suits of the character of the present one. The plaintiff is crippled for life, and the judgment for fifty-seven hundred and fifty dollars cannot be said to be excessive. Under these circumstances, the judgment ought not to be reversed on the objection now being considered.

3. By the third instruction the jurors were told that, if defendant failed to have a watchman stationed at the crossing, and if plaintiff, while exercising care in driving across the same, was injured by a collision with a train of the defendant's cars, "and if the failure to keep said watchman directly contributed to cause plaintiff to be injured, then plaintiff is entitled to recover." If this instruction allowed a recovery in the event that defendant's negligence contributed with negligence of the plaintiff to produce the injury, then it would be radically wrong, but it asserts no such a proposition. By this very instruction, as well as one given at the request of the defendant, the jury must have found that plaintiff was exercising ordinary care before there could be a finding for him. Other grounds of recovery, namely, failure to ring the bell and to have a man on the car furthest from the engine to give danger signals, were presented by other instructions. If a failure to comply with the ordinances in these respects, or either of them, and a failure to have a watchman at the crossing, combined in producing the injury, then plaintiff was entitled to recover. The instruction means this, and nothing more, for it is clearly stated that to recover he must have been using ordinary care. If, without fault of the plaintiff, he should be injured by the joint

negligence of defendant and a third person, he would have a cause of action against the defendant. For a much stronger reason may the plaintiff recover where he is injured by two or more negligent acts of the defendant.

4. Witnesses on the part of the plaintiff testified that they did not hear the bell of the engine, whilst those for the defendant testified in positive terms that it did ring. With this negative evidence on the side of the plaintiff, and the positive evidence on the side of the defendant, the contention is that defendant's evidence should have prevailed, and the court erred in submitting this question to the jury. *Isaacs v. Skrainka*, 95 Mo. 517, states the true rule, namely, where the witnesses are of equal credit, the positive evidence that the bell was ringing is, as a general rule, entitled to more weight than that of witnesses who say they did not hear it. Much depends upon the situation and position of the witnesses and the attention they were giving at the time. All these matters and the credit to be given to the witnesses were questions for the jury to consider, and the ultimate question whether the bell was ringing or not was one of fact, and was properly submitted to the jury.

5. The evidence shows beyond all controversy that there was no flagman at the crossing, and this violation of the ordinance was negligence *per se*. A flagman at his post and in the performance of his duty would doubtless have avoided the calamity. The real question of fact in the case was whether plaintiff was guilty of contributory negligence. The evidence on this question is voluminous and conflicting; the instructions given at the request of the defendant are full and fair, and those given at the request of the plaintiff proceed upon the hypothesis that he was using ordinary care. The real question in the case was fairly submitted, and the judgment should be and is affirmed. The other judges concur.