Rhodes v. The City of Nevada.

---

LYDIA RHODES, Respondent, v. THE CITY OF NEVADA, Appellant.

### Kansas City Court of Appeals, January 18, 1892.

**Damages:** MEDICAL TREATMENT: EVIDENCE: INSTRUCTION.   Where there is no evidence of the value of a physician's services nor of the medicines purchased, it is error in an action for damages for personal injury to instruct the jury that in estimating plaintiff's damages they should take into consideration the expenses for medical treatment.

*Appeal from the Bates Circuit Court.*—HON. D. A. DEARMOND, Judge.

REVERSED AND REMANDED.

| 47 | 499 |
|----|-----|
| 49 | 19 |

| 47 | 499 |
|----|-----|
| 116m | 275 |

| 47 | 499 |
|----|-----|
| 57 | 357 |
| 60 | 610 |

| 47 | 499 |
|----|-----|
| 62 | 568 |

| 47 | 499 |
|----|-----|
| 64 | 377 |

| 47 | 499 |
|----|-----|
| 139m | 303 |

| 47 | 499 |
|----|-----|
| 76 | 22 |

| 47 | 499 |
|----|-----|
| o100 | 615 |

| 47 | 499 |
|----|-----|
| e102 | 529 |

*Irvin Gordon*, for appellant.

(1) "Instructions must be confined to the case made by the evidence within the issues defined by the pleadings." 2 Thomp. on Trials, sec. 2309; *White v. Chang*, 20 Mo. App. 389; *Waddingham v. Hutell*, 92 Mo. 528; *Lester v. Railroad*, 60 Mo. 265. (2) Instruction, numbered 1, given on behalf of plaintiff, submitted to the jury the question of expense for professional services of physicians, drugs and medicines, and also for loss of services, when there was no evidence that plaintiff ever paid, or became liable to pay any amount, except the sum of fifty cents, paid Dr. Jewell; neither was there any evidence as to the value or approximate value of plaintiff's services. Such an instruction was improper. *Duke v. Railroad*, 99 Mo. 347; *Crowley v. Railroad*, 24 Mo. 119; Shear and Redf on Neg. [4 Ed.] sec. 579; *Reed v. Railroad*, 57 Iowa, 23; *Eckhard v. Railroad*, 70 Iowa, 353; *Winter v. Railroad*, 74 Iowa, 448.

*A. J. Smith*, for respondent.

The court properly gave instruction, numbered 1, asked by plaintiff and properly refused instruction, numbered 8, asked by defendant. *Murray v. Railroad*, 101 Mo. 240; *Parsons v. Railroad*, 94 Mo. 296; *Nagle v. Railroad*, 75 Mo. 653; *City of Chicago v. Major*, 18 Ill. 349; *Owen v. Brockschmidt*, 54 Mo. 289. And this is even true of the amount of expenses incurred or paid for support and other necessaries during illness or funeral expenses. *Parsons v. Railroad, supra*. The case of *Duke v. Railroad*, 99 Mo. 347, is not in point.

ELLISON, J.—The plaintiff recovered a judgment against the defendant for personal injury occasioned by her stepping into a hole, negligently permitted, in the sidewalk on one of defendant's streets. Her petition alleged that "said injuries caused her great expense in the necessary employment of a physician and having

herself otherwise cared for." She was attended by two physicians, who at different times ministered to her necessities resulting from her injury by examining her injury, giving her prescriptions and sometimes medicine. She purchased medicines herself at different times.

The only testimony as to the value of these services and of these medicines was that she paid fifty cents for one prescription. Under this state of the evidence, the court gave an instruction directing that, in estimating plaintiff's damages, the jury should take into consideration, among other matters mentioned in the instruction, her "expense for medical treatment." This was an error. *Duke v. Railroad*, 99 Mo. 347. When the evidence in the cause is applied to this instruction, there can remain no reasonable doubt but that the medical services rendered by the physicians, and medicines purchased by defendant at different times, the value of neither of which was proved, entered into the amount of damages.

The case falls within the rule of *Duke v. Railroad, supra*, and is distinguishable from *Murray v. Railroad*, 101 Mo. 246. In this case as before stated, plaintiff testified that she bought medicines, without stating what she paid or was to pay for them. She stated that the physicians, she supposed, had made a charge against her, but that she had not asked the amount. *Reed v. Railroad*, 57 Iowa, 23; *Eckhard v. Railroad*, 70 Iowa, 353. In the *Murray case* the expense of surgeon was proven, and the time of nursing was shown, but not what was paid or what were the charges for nursing; and, as to this, the court said that the experience of the jury familiarized them with the value of such service. But this remark did not apply to a physician's bill or the cost of medicines.

Other complaints made by defendant are not deemed tenable. The principal point presented in the eighth instruction, which was refused, was sufficiently covered by others given. Judgment reversed and cause remanded. All concur.