CYNTHIA EVANS, Respondent, v. CITY OF JOPLIN, Appellant.

Kansas City Court of Appeals, May 30, 1898.

Damages: MEASURE OF: INSTRUCTION ASSUMING FACT: EVIDENCE. An instruction relating to the measure of damages is condemned because it assumes certain facts and directs a recovery for medical services without any evidence as to what they were.

*Appeal from the Jasper Circuit Court.*—HON. J. D. PERKINS, Judge.

REVERSED.

·JOEL T. LIVINGSTON and BASOM & BUCKLEY for appellant.

(1) There was serious and reversible error in instructing the jury for respondent that she could recover damages for medical services where there was no evidence of their value. Rhodes v. Nevada, 47 Mo. App. 499; Smith v. R. R., 108 Mo. 243; Madden v. R. R.; 50 Mo. App. 666; Kick v. Doerste, 45 Mo. App. 134; Bogges v. R'y, 118 Mo. 308; Minister v. R'y, 53 Mo. App. 276. (2) Respondent's instruction on the measure of damages is erroneous in every particular, not only in allowing medicines and medical attendance,

but in assuming physical injuries were inflicted and bodily and mental anguish endured. Also the loss of time to her, a married woman. An instruction so worded was condemned as erroneous in Plummer v. Milan, 70 Mo. App. 599.

CLARK CRAYCROFT and J. W. McANTIRE for respondent.

The courts now hold that even if an instruction is erroneous as to the elements constituting the measure of damages, unless the damages awarded are excessive, the judgment should not be reversed, and where it is for the right party it will be affirmed. That it was the duty of attorneys for appellant to ask for an instruction specifying what they conceived to be the proper measure of damages. Failing to do so, they can not afterward take advantage of such error and their own neglect. In one case, 133 Mo. 350–363, there was no evidence of permanent injury and the instruction embodying that as an element was held not to be reversible error. In another case, Carpenter v. McDavitt, 66 Mo. App. 7, "society" and other words were used, which had formerly been held error, but both appellate courts have recognized the doctrine that such errors are not sufficient to warrant a reversal. The judgment being for right party, should not be reversed. R. S. 1889, sec. 2100–2303; McGowan v. Ore Co., 109 Mo. 518; Hoehl v. R'y, 119 Mo. 344; Browning v. R'y, 124 Mo. 71; Daudt v. Keen, 124 Mo. 106; Homuth v. R'y, 129 Mo. 643; Sherwood v. R'y, 132 Mo. 345; Taylor v. Iron Co., 133 Mo. 350; McCarrol v. Kansas City, 64 Mo. App. 288; Carpenter v. McDavitt, 66 Mo. App. 7; Rose v. McCook, 70 Mo. App. 187; Larson v. Center Creek Co., 71 Mo. App. 512.

ELLISON, J.—This action is for personal injuries received by plaintiff on and near one of defendant's streets, by falling into a mining shaft which had been sunk near the street line, the banks or walls of which had fallen in to such extent as to take a part of the street itself. The judgment was for plaintiff.

The court, among other instructions, gave the following for plaintiff: "The court instructs the jury that if they find for the plaintiff they will find such an amount as to compensate her for the injuries sustained and in estimating her damages, take into consideration not only her age and condition in life, the physical injury inflicted, and the bodily and mental anguish endured, together with the loss of time occasioned by said injury, and all reasonable expense incurred for medical services in and about the treatment of her case, but also any and all damages, if any, which they may believe from the evidence will result to her in the future as the direct result of her injuries, not to exceed the sum of ten thousand dollars."

This instruction should not have been given. It was such error, in two respects, as to compel a reversal of the judgment. It assumes there were physical injuries inflicted and that plaintiff suffered bodily pain and mental anguish. Plummer v. Milan, 70 Mo. App. 599.

It was further erroneous in directing a recovery for expense of medical services when there was no evidence as to what such expense was. Duke v. R'y, 99 Mo. 347; Rhodes v. Nevada, 47 Mo. App. 499; Smith v. R'y, 108 Mo. 243.

In other respects the case, as developed by the evidence, was properly tried. There is nothing in Downend v. Kansas City, 71 Mo. App. 529, under the

evidence here, which, as a matter of law, would prevent plaintiff's recovery. .

The judgment is reversed and the cause remanded. All concur.