D. M. SAYERS, Respondent, v. W. S. CRAVEN, Appellant.

**Kansas City Court of Appeals, May 11, 1903 and May 30, 1904.**

1. **QUANTUM MERUIT: Value of Services: Evidence: Instruction.** While certain forms of services are so common and interwoven into every day life that a jury may be presumed to know their value, yet, such rule can not apply to the case of a miner engaged in puffing mineral lands and giving the same notoriety, and where on the suit for such services the miner fails to show the extent of his labors and the value thereof, an instruction authorizing a recovery is error.

2. **TRIAL PRACTICE: Petition in Different Counts: Answer: General Allegations.** The petition was in three counts. The answer set up separate defenses to each count. There were added certain general averments that the defendant had paid the plaintiff all indebtedness arising on every account but without stating specifically what payments and what transactions. *Held,* such general allegations must be disregarded and reference had to the specific allegations stated in the answer to such count.

3. **ACCORD AND SATISFACTION: Pleading: Expenses: Instruction.** Defendant's answer pleaded a settlement and payment by agreement of a given amount to plaintiff. The payment was not disputed and the jury were told that the defendant was entitled to a credit to that extent and an instruction precluding the taking into consideration of money expended by the defendant is not error, since the defense is restricted to the plea.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED IN PART AND REVERSED IN PART.

*Thomas & Hackney* for appellant.

(1) There was no testimony on the trial showing the reasonable value of the alleged services rendered by the plaintiff for the defendant in reference to the Shoe-

maker land; nor was there any testimony whatever, showing or tending to show that the pretended services had any value whatever. The court, therefore, erred in giving the instruction to the jury authorizing a recovery on the first count of plaintiff's petition and the verdict of the jury giving plaintiff $100 on this count is not supported by the evidence. (2) Evidence of plaintiff on direct examination tended to show that he had never received payment of the $62.50 which the defendant was to have paid him on the option of the Mark Hanna mine. Plaintiff, however, admitted on the witness stand on cross-examination that defendant was entitled to credit for $135 on the account sued on in addition to the $200 paid on the Spaulding deal; and, inasmuch as the verdict of the jury shows that they found against the plaintiff on the proposition that plaintiff was entitled in addition to the $62.50 to receive one-half of the $2,200 profit alleged to have been made by defendant on the sale of the option of the Mark Hanna mine, the finding of the jury on this count was against plaintiff's own admission of payment and is, therefore, wholly against the evidence. (3) The instruction given by the court on the third count in plaintiff's petition precluded the jury from considering: First, the moneys expended by the defendant out of $600 in procuring the sale of the Spaulding option; second, the question of the settlement and adjustment of plaintiff's claim by which defendant paid him $200 in full of his share of the profits on this deal. The answer of defendant expressly averred the payment of these additional moneys, thus reducing the amount of the profit on the Spaulding deal below $600, and expressly averred that defendant had paid plaintiff $200 in full settlement. These allegations of the answer were fully supported by the proof adduced on the trial and defendant was entitled to have these questions submitted to the jury. It was, therefore, reversible error for the trial court to give this instruction precluding the jury from considering these issues; and inasmuch as

this instruction is not cured by any other instructions given, the judgment on this count should be reversed. Link v. Westerman, 80 Mo. App. 592; Cameron v. Hart, 57 Mo. App. 142; Laughlin v. Gerardi, 67 Mo. App. 372.

*Shannon & Shannon* for respondent.

(1) The failure of respondent to prove the reasonable value of the services rendered by him for appellant with reference to the Shoemaker land is not fatal to a recovery. Respondent was a real estate agent engaged principally in the sale of mines and mining lands. It is within common knowledge that at any given place there is a uniformity among real estate agents as to their charges for services. That being the case "jurors may well be presumed to be reasonably familiar with the value of such services and they measure the same by their own knowledge and experience." Therefore appellant's first point is not sustained. Murray v. Railway, 101 Mo. 236; Loe v. Railway, 57 Mo. App. 350. (2) Replying to appellant's second point in his brief respondent calls the court's attention to the fact that respondent's testimony shows that the appellant took a duebill for the $135 which appellant claims should have been treated as a credit on the amount sued on. Respondent's remedy was to file a counterclaim for the $135. Having failed to do that his claim can not be allowed in this action. 19 Ency. of Pleading and Practice, p. 738; Water Co. v. Neosho, 136 Mo. 498. (3) Appellant's third point is not supported by the record. The evidence completely fails to show that appellant expended any portion of the $600 in procuring the sale of the Spaulding option; or that there was a settlement and adjustment of respondent's claim by which appellant paid him $200 in full of his share of the profits of this deal. There was not only no evidence of such a state of facts, but on the contrary the testimony of respondent, clearly showed a different state of facts.

BROADDUS, J.—We adopt the following statement of the pleadings by appellant as it is admitted to be correct:

The plaintiff's petition is in three counts. In the first count he seeks to recover the sum of $750, as the reasonable value of services alleged to have been rendered by him for the defendant in advertising and talking up, and using his best efforts to create a general public opinion that certain lands, known as the Shoemaker land, in which defendant was interested, were valuable for zinc and lead.

In the second count plaintiff alleged that he had an option on the mine known as the Mark Hanna mine, and that he sold the same to defendant and R. T. Stickney for $125, one-half of which was to be paid by each of the purchasers; and that defendant further agreed to pay plaintiff one-half of whatever profit defendant might make by the purchase and sale of said mine, under said option; that defendant made a clear profit of $2,200, and plaintiff sought to recover judgment against him for $1,162.50 on this count.

In the third count it was alleged that plaintiff procured an option on what was known as the Spaulding land, having the privilege thereby to sell the property for a specified sum, within a limited time, and for the purpose of being better able to sell and transfer the option, plaintiff agreed with defendant that the option should be made to, and in the name of the defendant upon the condition that defendant should pay nothing therefor; that they should divide and take in equal shares the proceeds of the sale and transfer of said option; that afterwards plaintiff negotiated a sale of the option for $600 and that defendant collected the money therefor, and paid the plaintiff only $200, leaving a balance of $100 due him on that account.

The answer of the defendant consisted of first, a general denial of each allegation in all the counts of the petition.

Further answering the second count in plaintiff's petition, the defendant alleged that the option on the Mark Hanna mine was sold by plaintiff to defendant and R. T. Stickney for $125, one-half to be paid by each purchaser, and that the full amount had been paid plaintiff before the bringing of this suit; that defendant never promised to pay plaintiff any additional sum.

Further answering the third count, the answer alleged that the defendant procured the option on the Spaulding land, and sold the same for $600, and that defendant having been to considerable expense in procuring the option and sale thereof, paid plaintiff $200 in full settlement of any and all claims or demands which plaintiff might make on account of his connection in procuring said option; and for any services rendered by him for the defendant.

The answer further alleged that the defendant had fully paid plaintiff for any and all services rendered for the defendant and owing by the defendant to plaintiff, and that the defendant was not indebted to the plaintiff for any amount for any services rendered; but on the contrary, that plaintiff was indebted to defendant on divers and sundry accounts.

The plaintiff's reply consisted of a general denial.

The case was tried before a jury on June 18, 1901, and resulted in a verdict for the plaintiff on the first count for $100; on the second count for $62.50, and on third count for $100. After an unsuccessful motion for a new trial, the defendant brings the case to this court by appeal.

The defendant insists that, as there was no evidence showing the reasonable value of the services claimed in the first count of the petition, or that they were of any value whatever, the court erred in submitting that issue to the jury. The plaintiff testified as to the services he rendered as alleged, but failed to state their value, or to introduce any evidence whatever in that respect. In Murray v. Railway, 101 Mo. 236, it was

held that "the jurors might measure the value of the services of a nurse by their own knowledge and experience, and detailed proof of their value was not requisite. This rule was recognized in Rhodes v. Nevada, 47 Mo. App. 499, and the distinction drawn between professional service, such as that of a physician, and that of a common laborer. Here, the services, though not those of a common laborer, might be classed with those of a nurse; and the jurors, under the rule, were competent to estimate their value. See also Loe v. Railway, 57 Mo. App. 350. It was not error, therefore, to instruct upon said issue."

Defendant contends that the jury disregarded the evidence in their verdict on the second count of plaintiff's petition, viz.: As the evidence of plaintiff tended to show that he had not received the $62.50 which the defendant was to have paid him on the option of the Mark Hanna mine, yet as he admitted he received a duebill from defendant for $135 in addition to the $200 paid him on the Spaulding deal, the jury should have given him credit for the same on said second count. The verdict of the jury on said second count for $62.50 shows conclusively that it did not give defendant credit for the amount of said duebill or any part thereof; for $62.50 was what plaintiff was entitled to receive on the transaction unless the jury allowed him for a part of the profits of the deal, which they evidently did not do. And we do not think the jury was authorized on defendant's answer to said second count to allow the amount of said duebill as a credit. Defendant's answer to said count specifically alleges that he paid the amount claimed only, and does not set up said duebill as either a payment or set-off, or counterclaim. It is true that generally without reference to any particular count of the petition he alleges "that he has fully paid plaintiff for any and all services rendered by plaintiff for the defendant, and for any and all indebtedness arising on any account and owing by defendant," etc., but he does

not state what payments were made and upon what transaction had between the parties. But such general allegation must be disregarded and reference had to the specific allegations of payments as stated in his answer to each count, to determine what credits he was entitled to under each count. This is a familiar rule of pleading.

The defendant objects to the instruction given by the court on the third count of the petition, because it precluded the jury from taking into consideration the money necessary to be expended by him in carrying out the transaction upon which plaintiff seeks to recover. His contention is outside of the issue presented by the pleadings. The defendant's answer to said count is that he had a settlement with plaintiff on said transaction, including his said expenses, and that by agreement he paid plaintiff $200 in full for any and all claims he had against him growing out of the same. In other words, his answer was accord and satisfaction. The payment of the $200 was not in dispute and the instruction of the court recognizes this payment and the jury are told that defendant is entitled to credit to that extent. The issue as to whether there was such accord and satisfaction was submitted to the jury, and the defendant did not ask to have it submitted. His defense therefore was restricted to his plea. The instruction complained of submitted plaintiff's theory of the case properly to the jury.

The plaintiff's instructions seem to have been drawn with great care and the case was well tried without any error whatever that we can discover. The cause is affirmed. All concur.

ON REHEARING.

SMITH, P. J.—At the March term, 1903, of this court an opinion was delivered in this cause ordering an affirmance of the judgment of the trial court which was for plaintiff. A motion for a rehearing was later on sustained. At the present term the cause has been reargued.

The defendant's contention is that the plaintiff's instruction which told the jury that if the plaintiff at the request of defendant talked up and advertised the Shoemaker land and used efforts to create an interest in said lands as mining lands, and thereby assisted defendant in making sale thereof, then the verdict should be for the plaintiff upon the first count of the petition for such sum as such services were reasonably worth, not to exceed $750.

The petition in substance alleged that the defendant had an option on 200 acres of mineral land which he desired to sell and employed plaintiff to talk up and advertise said lands as valuable mineral land; to assist defendant in procuring purchasers thereof, and to use his best efforts to create a general public opinion that valuable mines of lead and zinc would be opened thereon; and for which services the defendant agreed to pay plaintiff a reasonable compensation. There was a further allegation of performance on the part of plaintiff, with which was coupled an allegation that such services were of the reasonable value of $750. The evidence tends to show that plaintiff's employment was very much as alleged in his petition, but after a rigid analysis of it we have been unable to find that it tends to show the extent of the services performed or the value of them.

It is quite true that the plaintiff, whose business was that of a miner and that of buying and selling mineral lands, testified that he told several people that defendant was going to have a land sale—that he "made

quite a talk around town;" that he "took Bob Jeffries out in a hired buggy to the sale" who, with him, took a lot and sunk a shaft thereon down to the limestone, which was from 18 to 20 feet below the surface and then quit. Apart from the praise which plaintiff testified he bestowed upon defendant's land there is absolutely no evidence of the performance of any service whatsoever under the alleged contract of employment. It does not appear how much time the plaintiff occupied in exploiting the defendant's mineral lands or the value, if any, of such services. I am unable to discover any rule of law applicable to the facts disclosed by the record and evidence that would entitle plaintiff to a substantial recovery.

In Madison v. Railway, 60 Mo. App. l. c. 609, there was an instruction given to the effect that the jury in estimating the damages might take into consideration the plaintiff's expense for medicines and surgical treatment. It was criticised on the ground that it authorized the jury to find for expenses for medicines when there was *no evidence* that any was incurred. In the course of the opinion it was said: "In vain have we searched the record for evidence to justify a submission to the consideration of the jury of this item of damages. The jury had no basis upon which to form an estimate of the damages on that account. Such damages could not be allowed except upon proof. Damages of this kind were susceptible of proof with approximate accuracy and should not have been left to the conjecture of the jury." This rule as stated in that case was then well established in this State. Duke v. Railway, 99 Mo. 347; Barr v. Kansas City, 105 Mo. 550; Schmitz v. Railway, 46 Mo. App. 380; Rhodes v. Nevada, 47 Mo. App. 499; Culberson v. Railway, 50 Mo. App. 556. And though there seems to have been a slight departure from it in some of the cases since decided, yet we think the most recent of them recognize it as stated by us in Madison v. Railway, supra, as correct. Brake v. Kansas City, 100

Mo. App. 611; Mabrey v. Gravel Road Co., 92 Mo. App. 596; Cobb v. Railway, 149 Mo. 609; Slaughter v. Railway, 116 Mo. 269.

As said in Mabrey v. Gravel Road Co., supra: "There are certain employments and avocations so extensively followed and so intimately blended with the customary life of our people and with every one's experiences, and certain matters of such common and universal knowledge, that the law wisely declines to exact special proof of them, deeming it expedient to trust rather to the general source of information to which all men have access and by which they are presumed to be informed, since exact proof is unobtainable in any event." How could a jury composed of men of average intelligence know even the approximate value of such unusual and extraordinary services as those which plaintiff testified he performed for defendant? Certainly, a jury could not be presumed to know what would be their reasonable value. It may be presumed that the services of plaintiff, whose business, as stated, was that of miner and dealer in mining lands, was of greater value than if they had been performed by one having no experience as a miner or dealer in mining properties; but, if so, how much greater? How could a jury without evidence showing not only the nature and extent of the service, but something of its value, determine what would be the reasonable value thereof?

The facts pertaining to the plaintiff's case do not bring it within the class of cases referred to in the excerpt just quoted. It seems to me that one of the insurmountable difficulties in the way is that, there are no facts bringing the case within any rule under which plaintiff would be entitled to a substantial recovery, whether the action is *ex delicto* or *ex contractu.*

The record is barren of proof of any substantial services rendered. It is true the plaintiff testified that he hired a buggy and took one Jeffries with him out to the place of defendant's lot sales, but it appears that he

and Jeffries went there to select for themselves a mining lot, which they did select, so that the plaintiff was there on business of his own and not on that of defendant. There was nothing before the jury to justify them in finding that the talk—the puffing and praising of defendant's land—was of any value whatever. It does not appear to whom he talked or of what. For the jury to fix any value, beyond that which was nominal, for such a performance would be, to say the least of it, but conjectural. McDermott v. Judy, 67 Mo. App. 647; Hamburg v. Railway, — Mo. App. 563.

I am inclined to think that in actions *ex contractu* on *quantum meruit*, as here, for services performed, there can be no recovery unless the evidence tends to prove not only the nature of the service, but the reasonable value thereof. McDermott v. Judy, 67 Mo. App. supra; Buschmann v. Bray, 68 Mo. App. 8. My attention has been called to no case where the rule announced in Murray v. Railway, supra, and the other like cases cited by plaintiff, has been applied to a case of this kind. I therefore think it was error to allow the plaintiff to recover, as he did, a substantial amount on the first count of his petition.

The original opinion, and to which this is but suppletory, is adhered to except in so far as is hereby modified.

Judgment reversed and cause remanded. All concur.

### FINAL ORDER.

PER CURIAM.—Now at this day the court having fully considered respondent's motion for modification of the judgment herein, doth consider and adjudge that the judgment heretofore entered herein be and the same is hereby set aside and for naught held and esteemed.

It is further considered and adjudged by the court

that the cause of action set up in the first count of the petition be and the same is hereby dismissed and that the judgment of the circuit court of Jasper county rendered on the second and third counts of said petition be affirmed.

It is further considered and adjudged by the court that appellant recover against said respondent the costs and expenses herein incurred and have therefor execution.