JEROME B. LUCAS, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals, December 30, 1910.

1. CARRIERS OF PASSENGERS: Street Railways: Injuries to Passenger: Alighting from Car: Negligence and Contributory Negligence, Questions for Jury. In an action for injuries to a street car passenger alleged to have been caused by the sudden starting of the car while plaintiff was alighting from it, it is *held* that the questions of defendant's negligence and plaintiff's contributory negligence were for the jury.

2. **DAMAGES: Instruction: Allowing Recovery for Medical Services: No Evidence.** In an action for personal injuries, where there was evidence tending to show that plaintiff was treated by a physician for some time and that he paid him for two visits, but no evidence tending to show how much the physician was paid, nor the reasonable value of his services, it was reversible error to incorporate in the instruction on the measure of damages an allowance for expenditures by plaintiff for medical and surgical attention.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

REVERSED AND REMANDED.

*Glendy B. Arnold* for appellant; *Boyle & Priest* of counsel.

(1) The court erred in refusing defendant's peremptory instruction, offered at the close of the whole case. Smart v. Kansas City, 91 Mo. App. 586; Warner v. Railroad, 178 Mo. 125. (2) Plaintiff's instruction on the measure of damages is erroneous, because it authorizes an award of damages for money expended by plaintiff for medical and surgical attention without any evidence in the record from which the jury could find that plaintiff had paid out any money on such account. Gibler v. Terminal Co., 203 Mo. 208.

*Hall & Dame* for respondent.

(1) It was not error to refuse defendant's peremptory instruction offered at the close of the whole case. The evidence for plaintiff on the issues was abundant, and was unrefuted. Testimony of defendant's witnesses as to statements made by plaintiff out of court was not material to the issues, and at most was but matter for the jury's consideration. Zeis v.

Brewing Assn., 205 Mo. 638; Krehmeyer v. Transit Co., 220 Mo. 654; Harviston v. United Railways, 139 Mo. App. 41. (2) Plaintiff's instruction on the measure of damages is not erroneous in authorizing an award for damages for money expended by plaintiff for medical and surgical attention. If there were such error, it would be harmless, as the verdict is for the right party and not excessive. Murray v. Railroad, 101 Mo. 236; Dragmund v. Railroad, 122 Mo. App. 154; McKinstry v. Transit Co., 108 Mo. App. 12; Eberly v. Railroad, 96 Mo. App. 371.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of personal injuries received through defendant's negligence. Plaintiff recovered and defendant prosecutes the appeal.

The evidence tends to prove plaintiff was a passenger on defendant's street car on Florissant avenue in the city of St. Louis and, desiring to alight therefrom at the crossing on Prairie avenue, he gave the usual signal to that effect. In response to plaintiff's signal, the car slowed down as though it were going to make the stop. Plaintiff assumed his position on the step of the car, while it was running very slowly, with the purpose to alight. As the car approached the regular stopping place, running very slowly, plaintiff was in the act of stepping off of the same when it was suddenly jerked or propelled forward, which operated to precipitate him to the ground and inflict upon him severe and permanent injuries. From a perusal of the testimony in the record, we regard the questions of defendant's negligence in the circumstances of the case and that of the contributory negligence of plaintiff, each for the jury.

There are numerous arguments advanced for a reversal of the judgment but one of them is so obviously sound, under the rule of decision in this state, that it

will be unnecessary to notice the others. The evidence tended to prove plaintiff had been treated by a physician and that he had paid the physician for the first two visits he made but there is not a word indicating how much he had expended in that behalf. In other words, though it appears plaintiff was treated by a physician for some time and that he paid him for two visits, nothing is said as to how much the physician was paid nor is there a word in proof tending to show the reasonable value of the services rendered by the physician.

Among other things, the court incorporated in the instruction on the measure of damages an element pertaining to the amount expended by plaintiff for medical and surgical attention. The words of this instruction with respect to the matter are as follows: The jury were directed therein that they might allow plaintiff for "any moneys expended by him for medical or surgical attention, by reason of said injuries and directly caused thereby." In the circumstances of the case, this was an error for which the judgment must be reversed, as the record is entirely barren of proof pertaining to any expenditure by plaintiff for medical or surgical attention. The case of Gibler v. Terminal R. Assn. of St. Louis, 203 Mo. 208, 101 S. W. 37, is directly in point and is controlling authority on the court of appeals. Besides this, another authority to the same effect is Heidbrink v. United Rys. Co., 133 Mo. App. 40, 43, 113 S. W. 223.

Plaintiff relies upon the ruling of the Supreme Court in Murray v. Mo. Pac. Ry. Co., 101 Mo. 236, 13 S. W. 817, where it is said a judgment should not be reversed for such reason alone; that the jurors being men of common knowledge with respect to such matters may resort to their knowledge and experience touching the same. But that case is overruled in Cobb v. Lindell Ry. Co., 149 Mo. 135, 50 S. W. 310, and has

been so treated throughout subsequent adjudications.

It is unnecessary to notice the other arguments advanced for a reversal of the judgment for if there were errors committed, they may not occur on a re-trial. For the error in the instruction above pointed out, the judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.